SCANNED
DATE: 12/10/04
M.P.
BY:

FILED
IN CLERKS OFFICE

2004 DEC -9 P 12:08

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEON SHABOTT,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )
                                 ) CIVIL ACTION No. 04-11575-JLT
MERCURY AIR GROUP, INC.,         ) Referred to Magistrate Judge RBC
                                 )
        Defendant.               )
                                 )

## DEFENDANT MERCURY AIR GROUP, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The defendant Mercury Air Group, Inc. ("Mercury")
submits this memorandum of law in support of its motion for
summary judgment.

### INTRODUCTION

This commercial dispute, which was filed on July 14,
2004, arises out of repairs made by Mercury to the
plaintiff's airplane in June 1998. The allegations are that
Mercury failed to properly repair the airplane. Such claims
are governed by the six year statute of limitations for
contract actions. As the causes of action arose more than
six years prior to filing suit, they are time-barred.

In addition, the plaintiff has alleged that this court
has jurisdiction pursuant to 28 U.S.C. §1332. That statute
requires that the amount in controversy exceed $75,000.
Nowhere has the plaintiff alleged, nor could he, that his
damages exceed $75,000. Therefore, jurisdiction does not
exist pursuant to 28 U.S.C. §1332, and the complaint should

1

be dismissed.

FACTS[1]

On or before June 1998, the plaintiff Leon Shabott ("Shabott") purchased a Beechcraft twin bonanza airplane ("Airplane") for $45,000. SMF¶1. In June 1998, Shabott brought his Airplane to Mercury to perform certain repairs. SMF¶2. At that time, Mercury made some repairs to the Airplane, including the installation of hydraulic lifters in both engines. SMF¶3. Mercury then returned the Airplane to Shabott on or before July 13, 1998. SMF¶4.

On or before July 13, 1998, Shabott flew the Airplane again; discovered that it still had problems; and returned the Airplane to Mercury for further repairs. SMF¶5. In connection with his request for repairs, Shabott asked that the engine of the Airplane be shipped to a third party, Aviation Engines, Inc. ("Aviation Engines") for inspection. SMF¶6. Aviation Engines reported that the current problems arose from the repairs to the hydraulic lifters made by Mercury in June 1998. SMF¶6. In addition, Aviation Engines estimated that the cost to repair the damage caused by the repairs to the hydraulic lifters made by Mercury in June 1998 is approximately $17,156.79 for each engine (or a total of less than $35,000). SMF¶7.

---

[1]The source of all facts set forth herein is contained in the Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment ("SMF¶ ¶_.") which is filed herewith. Such sources are not repeated in this Memorandum.

On July 14, 2004, Shabott filed his complaint against Mercury for the damage caused by the repairs made in June 1998.

ARGUMENT

I.  Standard

Summary judgment is appropriate where, as here, "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.56(c).  See Magee v. United States, 121 F.3d 1, 3 (1st Cir. 1997).  The Court may consider pleadings, depositions, admissions on file and affidavits.  Id.  Once the moving party has demonstrated that no genuine issue of material fact exists, the opposing party "must come forward with 'specific, provable facts which establish that there is a triable issue.'"  Aponte Matos v. Toledo Davila, 135 F.3d 182, 186 (1st Cir. 1998)(quoting Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 (1st Cir. 1994)).

Not every factual conflict, however, necessitates a trial.  It must be both material, i.e., "a disputed fact must have the potential to 'affect the outcome of the suit under governing law,'" Hinchey v. NYNEX Corp., 144 F.3d 134, 140 (1st Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)), and genuine, i.e., whether the evidence is sufficient to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party, United States v. One Parcel of Real Property, 960 F.2d 200,

3

204 (1st Cir. 1992)(citing Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248 (1986)).  The non-moving party may not
rely on conclusory allegations or unsubstantiated denials.
Magee, 121 F.3d at 3.

    Applying these principles, it is clear that the
undisputed material facts support only the conclusion that,
as a matter of law, the claims are barred by the six year
statute of limitations or, alternatively, that this Court
does not have subject matter jurisdiction because the amount
in controversy does not exceed $75,000 as required by 28
U.S.C. §1332.

II.  Mercury Is Entitled to Summary Judgment Because All
Claims Are Time Barred by the Applicable Six Year Statute of
Limitations Set Forth in Mass. Gen. Laws. c. 260, §2

    The Complaint states one cause of action for breach of
contract.  Such a cause of action is subject to the six year
statute of limitation set forth in Mass. Gen. Laws. c. 260,
§2.[2]  See Berezin v. Regency Savings Bank, 234 F.3d 68, 73
(1st Cir. 2000) (applying six year Massachusetts statute of
limitations on contract claim in diversity action);
Wolverine Insurance Co. v. Tower Iron Works, Inc., 370 F.2d
700, 702-03 (1st Cir. 1966) (applying six year Massachusetts
statute of limitations on contract claim in diversity
action).  "The general rule is that a contract action

_____

[2]Mass. Gen. Laws c.260, §2 provides, in relevant part, as follows: "Actions of
contract. . .shall, except as otherwise provided, be commenced only within six years next
after the cause of action accrues."

4

accrues at the time the contract is breached." Berkshire
Mutual Insurance Company v. Burbank, 422 Mass. 659, 660, 664
N.E.2d 1188, 1189 (1996). See Campanella & Cardi
Consturction Company v. Commonwealth, 351 Mass. 184, 185,
217 N.E.2d 925, 926 (1966). Here, there can be no doubt
that the breach occurred when Mercury failed to make the
required repair in June 1998. See Fall River Housing
Authority v. H.V. Collins Company, 414 Mass. 10, 16, 604
N.E.2d 1310, 1314 (1992). As this suit was not filed until
July 14, 2004, all claims are time-barred. Therefore, for
this reason alone, Mercury is entitled to summary judgment
on all claims asserted against it.

III.  Mercury Is Entitled to Summary Judgment Because the
Discovery Rule Does Not Apply to Extend the Statute of
Limitations

In limited circumstances, the Massachusetts courts have
applied a discovery rule to extend the six year statute of
limitations for contract actions. See Hendrickson v. Sears,
365 Mass. 83, 310 N.E.2d 131 (1974). Such an extension
depends upon whether the facts were "inherently unknowable,"
as opposed to unknown, to the injured party. See The
Saenger Organization, Inc. v. Nationwide Insurance Licensing
Associates, Inc., 119 F.3d 55, 65 (1997). Moreover, the
theory has seemingly only been applied in Massachusetts
where there is some element of deceit or ability to keep the
injured party from discovering the claim. See Melrose
Housing Authority v. New Hampshire Insurance Company, 402

Mass. 27, 32-33, 520 N.E.2d 493, 497-98 (1988), and cases cited.  None of these circumstances applies here. Therefore, the discovery rule should not even be applied to extend the statute of limitations beyond six years from the date of breach (i.e., when Mercury failed to make the proper repairs in June 1998).

Moreover, even if the discovery rule were applied, the claims would still be time-barred.  There is no allegation, nor could there be, that Mercury hid the repairs from Shabott.  They were all knowable to Shabott when the airplane was returned to him.  This date was sometime before Shabott flew the airplane and returned it to Mercury on or before July 13, 1998.  At that time, all facts were knowable to Shabott.  See The Saenger Organization, 119 F.3d at 65 (1997).  As a result, the discovery rule cannot extend the statute of limitations beyond July 13, 2004.  Therefore, the claims, which were filed on July 14, 2004, are time barred.

IV.  The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction Because the Amount in Controversy Is Less than the $75,000 Minimum Required to Bring a Diversity Action in Federal Court Pursuant to 28 U.S.C. §1332

This action was brought in Federal Court pursuant to the diversity statute, 28 U.S.C. §1332.  That statute requires that the amount in controversy exceed $75,000.  See 28 U.S.C. §1332, Francisco Corrada Betances v. Sea-Land Service, Inc., 248 F.3d 40, 44 (1st Cir. 2001); O'Connell v. Internal Revenue Service, 2004 U.S. Dist. Lexis 6424 (D.

Mass. 2004).  Otherwise, there is not subject matter
jurisdiction pursuant to 28 U.S.C. §1332.

Here, the plaintiff has not alleged that his damages
exceed $75,000.  Indeed, he could not.  First, the plaintiff
only paid $45,000 for the Airplane.  Therefore, the value of
the damaged asset is less than the jurisdictional minimum.
Alternatively, the quoted cost to repair the allegedly
broken engines is under $35,000.  This amount too is less
than the jurisdictional minimum.  There can be no other
damages in this contract action.  See, e.g., Hetherington
and Sons v. William Firth Company, 210 Mass. 8, 20, 95 N.E.
961, 964 (1911) (defining contract damages in Massachusetts
as limited to the benefit of the bargain).  As a result, the
plaintiff's damages do not exceed $75,000 and there is no
subject matter jurisdiction pursuant to 28 U.S.C. §1332.
Therefore, the complaint should be dismissed.

CONCLUSION

For the reasons set forth herein, the defendant Mercury Air Group, Inc. respectfully requests that the Court enter an Order granting its motion for summary judgment on all claims asserted against it by the plaintiff Leon Shabott or, alternatively, that it dismiss the Complaint for lack of subject matter jurisdiction.

DEFENDANT
MERCURY AIR GROUP, INC.

By its attorneys,

David C. Aisenberg, BBO#545895
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
Boston, MA 02109
(617) 371-1050

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 12/9/-4

8