UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LEON SHABOTT,                )
                             )
     Plaintiff,              )
v.                           )
                             ) CIVIL ACTION No. 04-11575-JLT
MERCURY AIR GROUP, INC.,     ) Referred to Magistrate Judge RBC
                             )
     Defendant.              )
                             )
```

FILED
IN CLERKS OFFICE

2005 JAN 31 P 4:27

U.S. DISTRICT COURT
DISTRICT OF MASS.

### DEFENDANT MERCURY AIR GROUP, INC.'S MOTION TO STRIKE AFFIDAVIT OF LEON SHABOTT AND ALL ATTACHMENTS TO PLAINTIFF LEON SHABOTT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The defendant Mercury Air Group, Inc. ("Mercury") hereby moves to strike the Affidavit of Leon Shabott and all attachments to Plaintiff Leon Shabott's Opposition to Plaintiff's Motion for Summary Judgment on the grounds that none of the facts purported to be introduced constitutes evidence and none of the attachments is sworn or certified as required by Rule 56(e) of the Federal Rules of Civil Procedure.

In further support of this motion, Mercury states as follows:

1. On or about December 9, 2004, Mercury filed a motion for summary judgment. There were two grounds asserted in the motion for summary judgment: (i) none of the contract claims was filed within six years and, therefore, the claims were barred by the statute of limitations. As set forth in the motion, all of the claims arose on or

1

before July 13, 1998, yet the suit was not filed until July 14, 2004; and (ii) this suit is in Federal Court based on diversity jurisdiction, yet the damages do not exceed $75,000 as required pursuant to 28 U.S.C. §1332.

The contract damages cannot exceed the benefit of the bargain. See, e.g., Hetherington and Sons v. William Firth Company, 210 Mass. 8, 20, 95 N.E. 961, 964 (1911) (defining contract damages in Massachusetts as limited to the benefit of the bargain). Here, the plaintiff has admitted that he only paid $35,000 in April 1998 to purchase the airplane; that he paid approximately $4,000 for an inspection; and that no other improvements were made to the airplane in the two months prior to the failure which led the plaintiff to deliver the airplane to Mercury in June 1998. In these circumstances, the plaintiff bargained to have Mercury repair and return his $35,000 airplane. The claim is that Mercury did not properly repair and return the airplane. There is no other competent evidence as to the value of the airplane. As a result, the plaintiff's loss cannot exceed the $35,000 value of the airplane he delivered to Mercury.

2. Mercury supported its motion with the Affidavit of Michael Wasson ("Wasson Affidavit"). The facts in the Wasson Affidavit constitute evidence as required by Rule 56(e) of the Federal Rules of Civil Procedure: they are made on personal knowledge; they would be admissible in evidence; the Wasson Affidavit shows affirmatively that Wasson is

2

competent to testify as to the matters stated therein; and the attachments are sworn copies of his contemporaneous notes. The facts set forth in the Wasson Affidavit establish that Shabott knew or should have known on or before July 13, 1998, of the bases for his breach of contract claim. They also establish that the amount in controversy is less than $75,000.

3. On or about January 7, 2005, Shabott filed his papers in opposition to the motion for summary judgment. The opposition papers included an affidavit of Shabott ("Shabott Affidavit") and various documents attached to the opposition and related associated memorandum ("Attached Documents"). None of the material "facts" contained in the Shabott Affidavit or in the Attached Documents meets the standard required by Rule 56(e) of the Federal Rules of Civil Procedure, to wit, they are not made on personal knowledge; they would not be admissible in evidence; the affiant is not competent to testify as to the matters asserted; and the attachments are not sworn or certified copies. See, e.g., Sheinkopf v. Stone, 927 F.2d 1259 (1991); Siegmund v. Shapland, 307 F. Supp. 2d 113 (D. Me. 2004).

4. The following "facts" set forth in the Shabott Affidavit should be stricken:

(a) the last sentence in paragraph 2, which has a reference, without support, to the fair market value of the

3

airplane, should be stricken based, in part, on F.R.E. 402, 602, 701, 702, 802 (it would not be admissible in evidence; Shabott is not competent to testify as to this figure; there is no basis to determine its reliability; it is also not relevant once he established that he delivered a $35,000 asset to Mercury for repair, and where there were no improvements to the airplane prior to its delivery);

(b) any dates set forth in paragraph 4 should be stricken based, in part, on F.R.E. 602, 802 (Shabott admittedly is "unsure" of these dates, as opposed to Wasson who maintained contemporaneous notes to support his dates, and any testimony as to the date is simply a guess);

(c) any reference to an agreement in paragraph 5 should be stricken based, in part, on F.R.E. 402, 408, 901 (there is no competent basis to allege an agreement; even if there were, it would be an inadmissible offer of compromise; there is no consideration; it is not in writing; and, even if it existed, it would be barred by the statute of frauds, Mass. Gen. Laws c.259, §1);

(d) all other facts in paragraph 5 and all of paragraphs 6-8 should be stricken based, in part, on F.R.E. 402, 408, 602, 701, 702, 802, 901 (none of those facts is relevant to the claims or the motion for summary judgment; also any statements from third parties, including Aviation Engines and Lycoming, have not properly been introduced, they are hearsay, and Shabott is not competent to testify as

4

to the matters contained in the documents and they would not be admitted into evidence); and

 (e) all statements both the first and second numbered paragraph 9, should be stricken based, in part, on F.R.E. 402, 602, 701, 702, 802, 901 (Shabott is not competent to testify as to any of the figures contained in those paragraphs; they are hearsay; they are also not relevant once he established that he paid $35,000 for the airplane - there is no basis to compare these airplanes with the one Shabott delivered to Mercury; and none of the statements would be admissible). Nevertheless, there are no costs in the first paragraph numbered 9 which would be evidence of damages exceeding the $75,000 jurisdictional minimum to bring this case in Federal Court pursuant to 28 U.S.C. §1332.

 5. All of the Attached Documents should be stricken based, in part, on F.R.E. 802, 901: none of the attachments has been authenticated; none was sworn to or certified; none was drafted by Shabott; they are hearsay; and there is no basis to admit any of them.

 WHEREFORE, the defendant Mercury Air Group, Inc. respectfully requests that the Affidavit of Leon Shabott and all attachments to Plaintiff Leon Shabott's Opposition to Plaintiff's Motion for Summary Judgment be stricken and that summary judgment be granted in favor of Mercury Air Group, Inc. on all claims in the complaint.

## LOCAL RULE 7.1 CERTIFICATION

Counsel for Mercury Air Group, Inc. hereby certifies that on Monday, January 31, 2005, he attempted to speak with the plaintiff Leon Shabott to discuss that Mercury Air Group, Inc. would be filing this motion. A detailed voice mail message was left. The parties were unable to resolve or narrow the issues during that conference.

## REQUEST FOR ORAL ARGUMENT

The defendant Mercury Air Group, Inc. believes that oral argument may assist the Court and wishes to be heard on this motion. The motion for summary judgment is currently scheduled on February 14, 2005, and this motion could be heard at the same time.

DEFENDANT
MERCURY AIR GROUP, INC.

By its attorneys,

_____
David C. Aisenberg, BBO#545895
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
Boston, MA  02109
(617) 371-1050

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 1/31/05

6