UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEON SHABOTT,
    Plaintiff,

V.

MERCURY AIR GROUP INC.,
    Defendant,

FILED
IN CLERKS OFFICE

2005 FEB 11 P 4: 24

CIVIL ACTION No. 04-11575-JLT
U.S. DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFF LEON SHABOTT'S OPPOSITION OF DEFENDANT MERCURY AIR, INC. MOTION TO STRIKE THE AFFIDAVIT AND ATTACHMENTS TO PLAINTIFFS MOTION FOR OPPOSITION OF DEFENDANT MERCURY AIR, INC. MOTION SUMMARY JUDGMENT

The plaintiff (Shabott) opposes the defendants (Mercury Air)'s motion to strike the affidavit of Leon Shabott.

Shabott argues his sworn affidavit can be interpreted as within the required rule 56(e) Shabotts affidavit is made on personal knowledge and he is competent to testify to the matters regarding the events of this case.

1. Mercury Air Inc. motion for summary judgment claims the case is barred by the six-year statute of limitations. Shabott states that all claims did nor arise on before the July 13th 1998
See affidavit of Leon Shabott #5,#6.

Mercury Air Inc. motion for summary judgment claims the damages do not exceed $75,000.—as required pursuant to 28 U.S.C. section 1332. Shabott states that the damages do exceed $75,000.—

Mercury Air Inc. states case law that states the damages cannot "exceed the benefit of the bargain" . In the same case, <u>Hetherinton and Son v. William Firth Company</u>, 210 Mass. page #25 "Its reasonable expense incurred in repairing the loss cast upon it by the wrongful act of the defendant and in the regaining the position acquired by it under its contract with the defendant is a legitimate element of damage and may be recovered"

In <u>Commonwealth v. Johnson Insulation</u> 425 Mass. page 666 "The cost of repairs is the outlay necessary to restore property to its preinjury condition".

In <u>F.A Bartlett tree Expert Co. v. Hartney</u> 308 Mass. 407 and N.E. 2nd 237 "The plaintiff in an action for breach of contract is entitled in general to damages sufficient in the ammount to compensation for the loss actually

1

sustained by him and to put him in a position financially as he would be in had there been no breach".
In <u>McKenna v. Begin, 362 N.E. 2nd 548,</u> 5 Mass.App.Ct 304 #7 "One of the established aims of determining damages for breach of contract is to put the injured party in the position he would have been in if performance had been rendered as promised"

and

In <u>McKenna v. Begin, 362 N.E. 2nd 548,</u> 5 Mass.App.Ct 304 #8 "In many cases involving defect of performance the measure of damages is the reasonable cost of correcting remedial defects".

In <u>Trinity Church in the City of Boston v. John Hancock Mut. life Ins. Co.,</u> Mass . 43, 48-49 "Methods for measuring damages include diminution in market value, the cost of reproduction less depreciation and replacement or restoration costs".

Mercury Air Inc. states there is no competent evidence as to the value of my aircraft. If then court deems necessary to be provided with substantiation over and above the sworn affidavit of Leon Shabott and attachments; Shabott would ask the court under rule 56(f) to permit a continuance to permit affidavits, depositions or discoveries to prove to the court the value of the aircraft and the cost of repairs.

2. Mercury Air Inc. states that the affidavit of Michael Wasson states Shabott should have known about the fact that the fault of the damages motor was caused by the installation of wrong parts. Shabott states that he could not have known the parts installed where the wrong ones before the July 13th 1998.
See affidavit of of Michael Wasson #9, #10, #11 and the affidavit of Leon Shabott #5,#6

3. The plaintiff Shabotts affidavit is made on personal knowledge and he is competent to testify to the matters regarding the events of this case.

4. Mercury Air Inc. states that facts in the affidavit of Leon Shabott should be stricken. Shabott opposes this request:

a. I have been following the values and availability of Beachcraft airplanes, twin bonanzas and (single) bonanzas for over 20 years. I am competent to make my own evaluation.

In <u>Jacobs v. Lloyd,</u> 24 Mass App.Dec 157 " Trier of fact is not required to accept owners opinion of value of his property which has been damaged".

b. Shabott argues that the fact that the exact dates are unknown to both parties is in itself an admissible fact of evidence in regard to a statute of limitations argument that involves one calendar day.
See affidavit of of Michael Wasson #8, and #9.

2

c. The evaluation agreement between Mercury Air and Leon Shabott was made in writing. I cannot locate my copy. In preparation for my motion for opposition, I called Michael Wasson. In a conversation with Michael Wasson on the phone at his workplace, when asked, he recalled full knowledge of the agreement as sworn by Shabott in his affidavit #5.
When I asked Michael Wasson to provide me with an affidavit for my case, he told me he was being paid by Mercury Air to help with their defense and did not think he could do that. He told me that I should ask John Wrega if he could, as John (the ex manager of Mercury air) was also being paid by Mercury Air to help with their defense. John had enlisted him (Michael Wasson). John Wrega did not return my call.
If then court deems necessary to be provided with substantiation over and above the sworn affidavit of Leon Shabott and attachments, Shabott would ask the court under rule 56(f) to permit a continuance to permit affidavits, depositions or discoveries to prove to the court the truth about the agreement.

d. Shabott argues his sworn affidavit can be interpreted as within the required rule 56(e). Shabotts affidavit is made on personal knowledge and he is competent to testify to the matters regarding the events of this case.

e. Shabott argues his sworn affidavit, the first #9 states "The estimate does not include removal of the other engine, reinstallation of the rebuilt engines and other costs to make the plane fly again. Which according to my interviews with competent aircraft experts do far exceed $75,000.--.

5. Attachment d. was drafted my myself, Leon Shabott.  If the court deems nessesary, Shabott would ask the court to allow a continuance to permit the plaintiff to have them sworn to or certified

WHERFORE, the plaintiff, Leon Shabott respectfully requests the court to dismiss the motion to strike affidavit of Leon Shabott and all attachments to plaintiff Leon Shabott's opposition to plaintiffs motion for summary judgment and allow this matter to go to trial.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 11th DAY OF FEBRUARY, THE YEAR 2005

Leon Shabott
248 Elm St. #2
Montpelier, Vermont, 05602
(802) 223-0929