UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                           FILED
                                         IN CLERKS OFFICE

LEON SHABOTT,              )
                           )             2005 FEB 29  P 1:54
     Plaintiff,            )
v.                         )             U.S. DISTRICT COURT
                           ) CIVIL ACTION No.04-11575-JLT    DISTRICT OF MASS
MERCURY AIR GROUP, INC.,   ) Referred to Magistrate Judge RBC
                           )
     Defendant.            )
                           )
```

**DEFENDANT MERCURY AIR GROUP, INC.'S
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

The defendant Mercury Air Group, Inc. ("Mercury") hereby moves, pursuant to Fed. R. Civ. P. 14(a), for leave to file a third-party complaint against AVCO Corporation, Lycoming Division, a wholly owned subsidiary of Textron, Inc. ("Textron Lycoming"). A copy of the proposed third-party complaint is attached hereto as Exhibit A. As grounds for its motion, Mercury states that this is a breach of contract action in which the plaintiff Leon Shabott ("Shabott") alleges that Mercury breached a contract to properly repair Shabott's airplane. Mercury states that, to the extent Shabott prevails on his claim against it, Textron Lycoming is liable to Mercury for all or part of any such judgment as well as costs and attorney's fees, and is also liable independently for its negligence in dealing with Mercury.

In further support of its motion, Mercury states as follows:

1

1.  On or about July 14, 2004, Shabott commenced this breach of contract action against Mercury. In his complaint, Shabott alleges, in part, that Mercury failed to properly repair his airplane, in part, in that it "installed the wrong hydraulic lifters." See Complaint, ¶8.

2.  The lifters that Mercury installed in the plaintiff's airplane were installed on the advice of Textron Lycoming.

3.  Mercury maintains that Textron Lycoming is or may be liable to Mercury for all or part of the plaintiff's claims against Mercury.

4.  Mercury also maintains that Textron Lycoming is liable independently for negligence in connection with the advice it gave to Mercury

5.  Mercury believes that the allowance of this motion will serve to promote the timely resolution of this matter.

6.  Mercury states that there is no prejudice to any party by the allowance of this motion as the Court has only recently issued a Rule 16 Scheduling Order on February 14, 2005.

WHEREFROE, Mercury respectfully requests, with the assent of the other parties, that its motion for leave to file a third-party complaint be granted.

LOCAL RULE 7.1 CERTIFICATION

Counsel for Mercury Air Group, Inc. hereby certifies that on Thursday, February 24, 2005, he spoke with the plaintiff Leon Shabott and they discussed that Mercury Air Group, Inc. would be filing this motion. Leon Shabott would not assent to the motion and requested that it be filed so that he could mull over how to respond.

DEFENDANT

MERCURY AIR GROUP, INC.

By its attorneys,

David C. Aisenberg, BBO#545895
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
Boston, MA  02109
(617) 371-1050

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail 2/24/05

3