UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON SHABOTT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION No. 04-11575-JLT |
| MERCURY AIR GROUP, INC., | ) Referred to Magistrate Judge RBC |
| | ) |
| Defendant. | ) |
| | ) |

## THIRD-PARTY COMPLAINT AND JURY DEMAND

1. The plaintiff Leon Shabott ("Shabott") is a resident of Montpelier, Vermont.

2. The defendant Mercury Air Group, Inc. ("Mercury") is a New York corporation with a usual place of business in Los Angeles, California.

3. The third-party defendant AVCO Corporation, Lycoming Division, a wholly owned subsidiary of Textron, Inc. ("Textron Lycoming"), has a usual place of business at 652 Oliver Street, Williamsport, Pennsylvania 17701.

4. Mercury is a defendant in an action entitled Leon Shabott v. Mercury Air Group, Inc., pending in the United States District Court for the District of Massachusetts, Civil Action No. 04-11575-JLT, in which Shabott is seeking money damages for an alleged breach of contract by Mercury in connection with its repairs to the plaintiff's airplane. A copy of the Complaint is attached hereto as Exhibit 1.

5. One of the allegations in the Complaint is that Mercury failed to properly repair Shabott's airplane, in

1

part, in that it installed "the wrong hydraulic lifters." See Complaint, ¶8.

6. The lifters that Mercury installed in the plaintiff's airplane were installed on the advice of Textron Lycoming.

7. Mercury maintains that Textron Lycoming is or may be liable to Mercury for all or part of the plaintiff's claims against Mercury.

8. Mercury also claims that Textron Lycoming was negligent in the advice it gave to Mercury.

## COUNT I

9. Mercury repeats and restates the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10. Mercury states, without waiving the denials and defenses set forth in its answer to the Complaint that Mercury is entitled to indemnification from Textron Lycoming for any judgment awarded to the plaintiff against Mercury, as well as all costs and attorney's fees incurred in the defense of the plaintiff's complaint.

WHEREFORE, Mercury demands indemnification including attorney's fees and costs from Textron Lycoming and any other remedy the Court deems just and proper.

## COUNT II

11. Mercury repeats and restates the allegations contained in paragraphs 1 through 10 as if fully set forth herein.

12. Mercury states, without waiving the denials and defenses set forth in its answer to the Complaint that Mercury is entitled to contribution from Textron Lycoming for any judgment awarded to the plaintiff against Mercury, as well as all costs and attorney's fees incurred in the defense of the plaintiff's complaint.

WHEREFORE, Mercury demands contribution including attorney's fees and costs from Textron Lycoming and any other remedy the Court deems just and proper.

## COUNT III

13. Mercury repeats and restates the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Mercury states, without waiving the denials and defenses set forth in its answer to the Complaint, that Textron Lycoming is liable in negligence for the advice it gave to Mercury in connection with the repairs to the plaintiff's airplane.

WHEREFORE, Mercury demands judgment for all damages, including attorney's fees and costs, from Textron Lycoming

for its negligence and any other remedy the Court deems just and proper.

## JURY DEMAND

**MERCURY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

DEFENDANT
MERCURY AIR GROUP, INC.

By its attorneys,

/s/ David C. Aisenberg
David C. Aisenberg, BBO#545895
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
Boston, MA  02109
(617) 371-1050

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on 3/16/05

4