UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETS

LEON SHABOTT,
    Plaintiff,

V.

                               CIVIL ACTION No. 04-11575-JLT

MERCURY AIR GROUP INC.,
    Defendant,

## PLAINTIFF LEON SHABOTTS MEMORANDUM IN SUPPORT OF HIS OPPOSITION OF DEFENDANTS MERCURY AIR INC'S THIRD PARTY COMPLAINT

The plaintiff Leon Shabott (Shabott) submits this memorandum of law in support of his motion that third party complaint by the defendant Mercury Air, Inc. (Mercury) should be dismissed. In accordance with Local Rule #14(a).

### INTRODUCTION

On July 14th 1998, Shabott filed a civil action against Mercury Air Inc. (MERCURY).

On March 16th the defendant Mercury Air Inc., through their Attorneys filled a third party complaint and Jury demand with this court. Mercury names Textron Lycoming (AVCO Corp.) as co-defendants in the case Shabott vs. Mercury Air Inc. pending in this court.

Mercury states that Textron Lycoming (AVCO Corp.) is liable to Mercury for all or part of Shabott's claims against them. Mercury also states that Textron Lycoming was negligent.

Shabott opposes mercury's third party complaint.

### ARGUMENT

In the Massachusetts Rules of Court, Federal (2005) Thomson West:

Rule 14(a), page 16 it states that "any party may move to strike the third party claim,"

Rule 20(b), page 19-20 "The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice".

1

The inclusion of the manufacturer of my aircrafts engines as co-defendants will complicate and prejudice this case.

Shabott states he has no claim against Textron Lycoming (AVCO Corp.).

**In the Federal practice and Procedure, (Wright-Miller-Kane) Chapter 4 Section 1443, Page 301** "of course the court must be sensitive to the possibility of prejudice to the original plaintiff or the third party defendant that may result from the third party claim".

The addition of Textron Lycoming as a co-defendant will prejudice Textron Lycoming's needed testimony.

**In the Federal Procedure, lawyers addition (2001) West Group:**

**Section 59:182 page 518** "A trail judge may deny a motion to join additional defendants if ...............joinder would unduly protract the case, as by expanding the issues and inviting further discovery, and result in considerable additional expense,".

Shabott states the addition of Textron Lycoming, as a co-defendant will complicate the issues causing the plaintiff to find additional experts and obscuring the factual issues to the jury.

**Section 59:184 page 521** "Thus Joinder is not proper where it is alleged that- A series of unrelated transactions occurred, if there is no allegation of a conspiracy or other concerted action"

Lycoming sells its spare parts wholesale to a small number of distributors. Mercury purchased the (wrong) parts from a distributor of Lycoming (see affidavit of Leon Shabott in his motion to dismiss.........page 1, #3 & #4 and attachment A. The distributor (the name unreadable) provided the wrong parts, not Textron Lycoming. Mercury is asking the court to make a merchant liable for its distributor who provided the wrong parts.

Mercury is stating that Textron Lycoming was negligent in the giving of advise to them without any substantive proof and in contradiction to Textron Lycoming's written repair manual(s).

Shabott states that it is the sole responsibility of the aircraft repairer to make a final determination as to the usability of a part. It is the responsibly of an FAA approved aircraft maintenance facility to consult standard reference material(s). If Mercury had found a discrepancy with the advise of an anonymous person at Lycoming, as Mercury alleges; It is the responsibility of an aircrafts repairer to get conclusive proof of usability before engaging in an action (such as installing miss-matched parts) that could have had disastrous results.

2

I would like to remind the court that Mercury did return to me an aircraft that could have had a catastrophic double engine failure, the result of which would most likely have caused damage, injury and or death to not only the aircraft, pilot and passengers but to persons and property on the ground as well.

## CONCLUSION

For all the reasons set forth herein, the plaintiff Leon Shabott respectfully requests that the defendant, Mercury Air Inc's third party complaint should be dismissed.


PLAINTIFF
LEON SHABOTT PRO SE

Leon Shabott
248 Elm St. #2
Montpelier, Vermont, 05602
(802) 223-0929
(802) 309-8707

3