UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON SHABOTT,<br><br>    Plaintiff,<br><br>v.<br><br>MERCURY AIR GROUP, INC.,<br><br>    Defendant/Third<br>    Party Plaintiff,<br><br>v.<br><br>AVCO CORPORATION,<br>LYCOMING DIVISION<br>    Third Party<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION No.04-11575-JLT<br>) Referred to Magistrate Judge RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

OPPOSITION OF THE DEFENDANT MERCURY AIR GROUP, INC.
TO THE PLAINTIFF LEON SHABOTT'S MOTION TO DISMISS
MERCURY'S THIRD PARTY COMPLAINT

The defendant Mercury Air Group, Inc. ("Mercury") hereby opposes the motion of the plaintiff Leon Shabott ("Shabott") to dismiss Mercury's third party complaint against Avco Corporation, Lycoming Division, a wholly owned subsidiary of Textron, Inc. ("Textron Lycoming") because it is not supported by the law, and Shabott has failed to comply with the procedural prerequisites for filing the motion. As further grounds for its opposition, Mercury states as follows:

1. Shabott's motion is patently frivolous, notwithstanding that he is appearing pro se. Mercury filed its third party complaint with the explicit permission of

the Court, which granted its motion to file such complaint and which motion was accompanied by a copy of the then-proposed third party complaint. Shabott filed an opposition to the motion. Indeed, Shabott's current motion to dismiss the third party complaint is nothing more than repetition of the arguments he made in opposing Mercury's original motion to file it.

2. Shabott's current opposition is based on a misunderstanding of the concept of notice pleading and the rules of civil procedure. First, he emphasizes Mercury's failure to offer "proof" of its allegations against Textron Lycoming. Obviously, failing to "prove" one's case at the pleading stage is not grounds for dismissal of an action. Second, none of the allegations in the third party complaint is directed at Shabott such that he would have standing to file a motion to dismiss. Indeed, Textron Lycoming, the party to whom the allegations are directed, has already answered the complaint.

3. Mercury's third party complaint will not unduly delay or prejudice Shabott's claim. In essence, all Mercury asserts is that it installed certain parts in Shabott's airplane on the advice of an agent of Textron Lycoming. This assertion is uncomplicated and straightforward and, if it is determined that Mercury is liable to Shabott as a

2

result of using such parts, Textron Lycoming will be responsible to Mercury for any damages awarded Shabott.

4. The weakest of Shabott's arguments is that he intends to use Textron Lycoming as an "expert witness" in his case against Mercury. No such expert witness designation has been made, however, and Shabott has known for some time about Textron Lycoming's involvement in this matter in such a fashion which would preclude it from appearing as an expert witness. In fact, it appears from Shabott's motion, that he actually intends to use Textron Lycoming as a fact witness, to elicit its role in advising Mercury about the repair of his airplane and Mercury's subsequent repair thereof, rather than in the role of an expert, as such is contemplated by the rules of procedure or evidence.

5. Shabott also states as a basis for his motion that "Textron Lycoming should not be considered negligent for any advise (sic) they (sic) allegedly gave to Mercury" and "Mercury should not be entitled to any compensation from Textron Lycoming." (Motion, p.2). Obviously, these are the very claims which Mercury has asserted against Textron Lycoming and Shabott's simple denial of them cannot constitute grounds for their dismissal. In fact, Shabott's motion is really, in form, more an answer to the third

3

party complaint as might have been filed by Textron Lycoming than it is even a minimally sufficient or supported motion to dismiss.

6. In short, there is no substantive basis to allow Shabott's motion.

7. Finally, even though he is pro se, Shabott should be required to comply with the Rules of Civil Procedure, including the Local Rules for the District of Massachusetts. This includes his submission of "evidence" and his compliance with Local Rule 7.1. Once again, Shabott filed an affidavit without any regard for the requirements of the Federal Rules of Civil Procedure which require the facts to be made on personal knowledge; to be admissible in evidence; to be made by an affiant who is competent to testify as to the matters asserted; and that all attachments are sworn or certified copies. See, e.g., Sheinkopf v. Stone, 927 F.2d 1259 (1991); Siegmund v. Shapland, 307 F. Supp. 2d 113 (D. Me. 2004). Shabott's affidavit does not meet this standard. In addition, Local Rule 7.1 mandates that, "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." While the conference may not have led to a resolution short of a motion in this instance, Shabott never even attempted such

a conference and he does not include the required certification in his motion. For these reasons alone, the motion should be stricken and Mercury should be awarded its costs and fees. Mercury would request $1,000, and it is willing to submit an affidavit of these costs and fees if required to do so by the Court.

For the foregoing reasons, Shabott's Motion to Dismiss the Defendant Mercury Air, Inc.'s Third Party Complaint should be denied and Mercury should be awarded its legal fees, costs and expenses in the amount of $1,000 of opposing this entirely frivolous motion.

                              MERCURY AIR GROUP, INC.,

                              By its attorneys,

                              Looney, Cohen, Reagan & Aisenberg LLP
                              David C. Aisenberg, BBO #545895
                              109 State Street
                              Boston, MA  02109
                              (617) 371-1050