# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LEON SHABOTT,                              :
     Plaintiff,                          :
                                         :
vs.                                        :     C.A. NO. 04-11575 JLT
                                         :
MERCURY AIR GROUP, INC.                    :
     Defendant & Third-Party Plaintiff   :
                                         :
vs.                                        :
                                         :
AVCO CORPORATION, LYCOMING                 :
DIVISION                                   :
     Third-party Defendant               :

**<u>Third-Party Defendant AVCO Corporation, Lycoming Division's Memorandum of Law
in Support of Objection to Plaintiff's Motion to "join the defendant Mercury Air Group,
Inc. and the co-defendant AVCO Corporation"</u>**

## <u>Introduction</u>

The Third-Party Defendant, AVCO Corporation, Lycoming Division, (Lycoming) hereby

offers this memorandum of law in support of its objection to Plaintiff's motion "to join defendant

Mercury Air Group, Inc., and the co-defendant AVCO Corporation." Plaintiff has failed to allege

on what basis he seeks to join Lycoming, he has failed to satisfy Rule 19 of the Federal Rules of

Civil Procedure, and he has failed to state how Lycoming is a "necessary" party. Plaintiff has

steadfastly maintained that Lycoming is not a liable entity. Additionally, the motion should be

denied because Lycoming is already a party to the lawsuit. Discovery is also stayed in this matter

until resolution of Mercury's motion for summary judgment. There is no basis in either law or fact,

procedurally or substantively, for plaintiff's motion and it should be denied.

1

**Facts**

Plaintiff filed the instant action against defendant/third-party plaintiff Mercury Air Group, Inc., (Mercury), alleging, inter alia, that Mercury performed "extensive repairs" and that "wrong size parts" were installed in the airplane. See Compl. at ¶¶ 5-8. He also alleges damage to his rudder. Id. at ¶ 11. Plaintiff thus seeks from Mercury that "his aircraft be returned to flyable condition with both motors overhauled, the damaged airframe repaired and the aircraft working properly, as it was when it was entrusted to [Mercury]." Id. at ¶ 13.

Subsequently, Mercury filed a third-party action against Lycoming. In the proposed third-party complaint, Mercury seeks indemnification and contribution from Lycoming, as well as alleging an independent cause of action for negligence. In objecting to the motion, plaintiff stated, in part: "Shabott states that Mercury has show [sic] no just cause to state that Textron Lycoming is liable for any wrong doing in this case." See Plaintiff Leon Shabott's Opposition to Defendant Mercury Air's Motion for Leave to File a Third-Party Complaint at p. 1. Further, plaintiff filed a memorandum in support of his opposition to Mercury's third-party complaint in which he states: "Shabott states that he has no claim against Textron Lycoming." See Plaintiff Leon Shabott's Memorandum in Support of his Opposition of Defendant's Mercury Air Inc's Third Party Complaint at 2. Throughout the memorandum, plaintiff makes clear that it is his belief that Mercury, not Lycoming, is liable. Plaintiff was deposed in this matter. He stated that while speaking to Lycoming representatives he told them "that Lycoming was being named as a co-defendant in a lawsuit where I was a plaintiff and that I was opposed to it, and I wanted to make them aware of that as I considered Lycoming to be an extremely good and responsible company and I did not think that they had any wrongdoing in this

2

whole transaction." Pl's Depo. at 379-80.

Since that time, plaintiff filed the instant motion. Plaintiff has alleged that Lycoming is "a necessary party to be joined if feasible," in seeking to "to join defendant Mercury Air Group, Inc., and the co-defendant AVCO Corporation."

**Discussion**

As mentioned in the Introduction, there are several independent bases upon which the instant motion should be denied. They will be discussed in seriatim.

### A.   Joinder is inappropriate here and there is no basis given for joinder.

It is unclear upon what grounds plaintiff seeks to add Lycoming as a co-defendant. Furthermore, the Rules of Civil Procedure do not support plaintiff's position.

Pursuant to Rule 19(a) of the Federal Rules of Civil Procedure:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Pursuant to Rule 19(b) of the Federal Rules of Civil Procedure:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable, the factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective

provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19 is intended to achieve a practical objective.  See Pujol v. Shearson/American Express, 877 F.2d 132, 134 (1st Cir. 1989) (citations omitted).  Thus the Pujol Court noted, "[w]hen applying Rule 19(a), a court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party. When applying Rule 19(b), the court will ask whether it is so important, in terms of efficiency or fairness, to join this person, that, in the person's absence, the suit should not go forward at all."  Id. (citations omitted).

There is no practical basis for joining Lycoming as a "co-defendant." This case concerns the alleged negligent repair of an airplane, including its engine.  Plaintiff has alleged that Mercury was negligent in its work.  Thus the appropriate parties are already plaintiff and defendant in this action. Therefore, the first prerequisite for joinder pursuant to Rule 19(a), that "(1) in the person's absence complete relief cannot be accorded among those already parties," is not satisfied because complete relief can be accorded between the plaintiff and defendant.[1]  The second possible prerequisite for joinder, that "(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by

_____

[1]Notwithstanding that Mercury has already claimed independent cause of action for indemnification and contribution against Lycoming in the instant action, but, should Mercury be found liable, it could file an independent action against Lycoming seeking recovery.

reason of the claimed interest," is also inapplicable. Lycoming is not claiming an interest relating to the subject matter and, since Lycoming does not have an interest in recovery, there is no interest to protect. Also, the plaintiff will not have a substantial risk of double, multiple, or inconsistent obligations.

As to Rule 19(b), this Court should find "in equity and good conscience the action should proceed among the parties before it." Lycoming is not indispensable. No prejudice befalls any of the parties by keeping the present posture and structure of the case in the manner in which it is currently situated.

Finally, plaintiff has offered no reasoning or rationale for arguing why, at this stage of the litigation, Lycoming has somehow become necessary and indispensable. Throughout this litigation, it has been plaintiff's position that "he has no claim against Textron Lycoming," and that he "considered Lycoming to be an extremely good and responsible company and [] did not think that they had any wrongdoing in this whole transaction." Indeed, there is no stated reason at all as to why Lycoming should now be joined as a co-defendant in addition to its role in this litigation as third-party defendant. In fact, there is no relationship between the plaintiff and Lycoming, either contractually or through a claim of negligence. If all facts as pleaded were accepted as true, plaintiff instructed Mercury to repair his airplane, Mercury allegedly contacted Lycoming regarding a component part, Mercury apparently ordered the component part from a distributor and installed it in the engine. Plaintiff's motion is silent as to whether he is making a claim in contract, tort, equity, or some other claim.[2]

---

[2]There is no proposed amended complaint to even begin to instruct Lycoming as to the cause of action that now allegedly exists, nor has any motion to amend a complaint been filed.

Because plaintiff has not satisfied the procedural requirements of Rule 19, the motion should procedurally fail.  The motion fails substantively, as well, as plaintiff has made no showing or attempted showing as to how Lycoming is now an indispensable party.  Plaintiff's motion should be denied independently on either of the aforementioned grounds.

### B.  Lycoming is already a party to the instant action.

As discussed above, any relationship between the plaintiff and the Lycoming comes by and through Mercury and the alleged communications it had with Lycoming.[3]  Plaintiff has sued Mercury for negligence.  Mercury has, in turn, sued Lycoming for indemnification and contribution.[4]  There were no communications or relationship between Lycoming and the plaintiff prior to his alleged cause of action against Mercury.  The parties are in their proper procedural alignment and the motion should be denied independently on that ground.

### C.  The motion should be denied, or stayed, because discovery has been stayed.

Pursuant to an Order of this Court, discovery in this matter has been stayed until Mercury's motion for summary judgment has been decided by this Court.  It would be unfairly prejudicial to allow plaintiff to join Lycoming as a co-defendant, at this stage, apparently by ultimately amending his complaint, because discovery is stayed and plaintiff has stated no reasons as to why this joinder is necessary.  The motion should be denied on this ground.  In the alternative, Lycoming requests that this Court stay its ruling on the instant motion until such time as the discovery stay is lifted and

---

[3]Further, that relationship and its existence is based on factual allegations made by Mercury; Lycoming does not admit, and, in fact, expressly denies, the factual allegations, if true, create a resulting legal relationship between the parties.

[4]Mercury has also alleged an independent cause of action for allegedly negligent instruction, which apparently is somehow a different cause of action from the indemnification claim Mercury has filed.

plaintiff and Lycoming are accorded an opportunity to discover and present facts relevant to the allegation that Lycoming is and indispensable party as a co-defendant and thus independently liable to plaintiff, contrary to plaintiff's prior assertions, as opposed to maintaining its present posture within the case as third-party defendant.

## Conclusion

For the aforementioned reasons, Lycoming respectfully requests that this Court deny plaintiff's motion to join Lycoming as a co-defendant.

Third-party Defendant,
AVCO CORPORATION,
LYCOMING DIVISION,
By its attorneys,

HIGGINS, CAVANAGH & COONEY

/s/ Patrick B. Landers
Patrick B. Landers, Esq. #562450
Stephen P. Cooney, Esq. #655841
123 Dyer Street, 4th Floor
Providence, RI 02903
(401) 272-3500
(401) 273-8780 (Fax)

## CERTIFICATION

7

I hereby certify that a true copy of the within was mailed by regular mail to the counsel of record and certified mail, return receipt requested to pro se plaintiff:

Mr. Leon Shabott
4137 Center Pond Road
Newark, VT 05871

David C. Aisenberg, Esq.
Looney, Cohen, Reagan & Aisenberg, LLP
109 State Street
Boston, MA 02109


/s/ Patrick B. Landers