UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON SHABOTT, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MERCURY AIR GROUP, INC., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 04-11575-JLT |

PLAINTIFF LEON SHABOTT'S RESPONSE TO
DEFENDANT MERCURY AIR GROUP, INC.'S
STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS
RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff Leon Shabott (Shabott) submits his response to the Defendants, Mercury Air Group, Inc's. (Mercury) Statement of undisputed facts in support of its renewed motion for summary judgment.

1. Agreed

2. Agreed

3. The exact date the aircraft was delivered to Mercury is still unknown See Shabott Dep.pp.171-172-173, 228.

4. Agreed

1

5. The exact date the aircraft was returned is still unknown.

6. The exact date the aircraft was flown is still unknown. The aircraft motor, the one discovered by Mercury to be damaged, was shipped by Mercury to Aviation Engines, Inc. not at Shabott's request but as a mutually agreed upon way of determining the cause of the damage by Mercury and Shabott. See Complaint #8, Shabott Dep. PP, 63, Shabott Aff.,#5

7. The exact date the aircraft was flown is still unknown. Shabott may have had access to the plane during his test flight but as Shabott is not an aircraft mechanic, he could not have "discovered" the problems with it.

8. Shabott states in his deposition he has no evidence to refute that the aircraft was returned on July 13th,1998 that he had available to him at the time, not that it does not exist. See Shabott Dep. pp.189

9. Shabott states in his deposition that his affidavit may refute some of the statements by Wasson and that he "can't possibly say that conclusively" See Shabott Dep. pp.115

10. Shabott states in his deposition he entered into additional agreements after the aircraft was returned,that he did not have in writing available to him at the time. Page 302 of the Shabott deposition is sited but not included in the Defendants Statement of Undisputed Material Facts .

11. Agreed

12. Agreed

13. Agreed

14. Agreed

15. Shabott agrees that his filing system was less than fastidious during the time in question. Shabott states that his now ex wife and others had full access to his apartment. At that time, many things became missing, cash, paperwork, household items, etc. It is possible the papers where lost or taken through no fault of the Plaintiff.

16. Shabott states the handwritten records of Mike Wasson do support consideration was given to him by Mercury which supports the new agreements, See Defendants previous motion for summary judgment December 9, 2004, Handwritten records of Mike Wasson, entry dates 9-4-98, 9-10-98, 9-23-98, 10-28-98 3-30-99

17. Shabott states Mercury did send him a bill for storage fees but the manager verbally forgave them during a meeting shortly after the bill was received. No other payments other than for the repairs has been made to Mercury by the Plaintiff. The exact date the aircraft was returned is still unknown.

18. The exact dates the aircraft was repaired are still unknown. Shabott filed his complaint on July,14, 2004 for damage to Shabott's aircraft caused by Mercury not only during the initial repairs in 1998 but also for obligations Mercury made to Shabott after the repairs were completed. See Complaint #8, #10, #11, #13, and #14.

                                                Plaintiff

                                      Leon Shabott, Pro se

                                      4138 Center Pond Road
                                      Newark. Vermont, 05871

                                      Home (802) 723 4448
                                      Mobile 8023098707