UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | * | |
| LEON SHABOTT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 04-11575-JLT |
| | * | |
| MERCURY AIR GROUP, INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

February 8, 2006

TAURO, J.

Plaintiff, Leon Shabott, ("Shabott") alleges that Defendant, Mercury Air Group, Inc.,

("Mercury Air") breached multiple contracts when it failed to properly repair and store his

airplane.  Mercury Air has moved for summary judgment.  For the reasons set forth below, that

motion is ALLOWED.

**Background**

Mercury Air, located in Los Angeles, California, is a company engaged, at least in part, in

the business of airplane repair.[1]  Shabott is an individual who resides in Newark, Vermont and

who regularly stored his airplane with Mercury Air in Bedford, Massachusetts.  On June 24, 1998,

Shabott brought his airplane to Mercury Air for an inspection and routine maintenance.  Mercury

---

[1] The following facts are drawn from Pl.'s Comp., Def.'s Mem. in Supp. of Def.'s Mot.
for Summ. J., Def.'s Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ.
J., Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J., Pl.'s Resp. to Def.'s Statement of
Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J., and the evidentiary materials
submitted in support.

Air subsequently installed hydraulic filters in both engines and returned the airplane to Shabott on or before July 13, 1998.[2]  Shabott flew his airplane that same day, but discovered further problems and  immediately returned his airplane to Mercury Air.[3]  Upon inspection, Mercury Air found metal in the airplane's engine.  The following day, Mercury Air notified Shabott of this problem and shipped the engine to Aviation Engines, Inc. ("Aviation") for further inspection.  On August 12, 1998, Aviation reported that the airplane's engine problem likely arose from the repairs Mercury Air performed to its hydraulic filters.

In addition to the abovementioned service contract,[4] Shabott alleges that he and Mercury Air entered into, and that Mercury Air breached, two additional written contracts.  The first alleged agreement stated, in part, that if Aviation determined that Mercury Air had caused the problems to Shabott's airplane, Mercury Air would pay for the necessary repairs.  The second alleged agreement stated that Mercury Air would store Shabott's plane in a specified manner so that the airplane would not incur any further damage.  Shabott has not produced a copy of, and Mercury Air did not receive anything in exchange for, either alleged agreement.  Mercury Air states that the additional agreements, if they ever existed, are merely the reiteration of terms implicit in the original service contract and are unenforceable.

On July 14, 2004, Shabott filed his Complaint against Mercury Air alleging breach of

---

[2]  Although Shabott appears to dispute that July 13, 1998 is the date on which Mercury Air returned the airplane to him, he has provided no evidence to the contrary.

[3]  Although Shabott appears to dispute that July 13, 1998 is the date on which he returned his airplane to Mercury Air, he has provided no evidence to the contrary.

[4] This contract refers to the contract between Mercury Air and Shabott for the original repair of Shabott's airplane,  hereinafter "the original service contract."

contract for the damage to his airplane.  Mercury Air has moved for Summary Judgment in its

favor alleging that Shabott's claims are barred by the statute of limitations.

**Discussion**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if the

record reveals that there is "no genuine issue as to any material fact and . . . the moving party [has

demonstrated an] entitle[ment] to a judgment as a matter of law."[5]  Pursuant to this standard, the

"'party seeking summary judgment [must] make a preliminary showing that no genuine issue of

material fact exists.  Once the movant has made this showing, the nonmovant must contradict  . . .

[it] by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue.'"[6]

In deciding whether to allow a motion for summary judgment, a court "must view the

entire record in the light most hospitable to the party opposing summary judgment, indulging all

reasonable inferences in that party's favor."[7]  But, a court "need not credit 'conclusory

allegations, improbable inferences, and unsupported speculation.'"[8]

When a claim is barred by the statute of limitations, it is proper to grant summary

---

[5] Fed. R. Civ. P. 56(c); Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996) ("[Under] . . . Rule 56, 'genuine' connotes that the evidence on the point is such that a reasonable jury, drawing favorable inferences, could resolve the fact in the manner urged by the nonmoving party, and 'material' connotes that a contested fact has the potential to alter the outcome of the suit under the governing law if the controversy over it is resolved satisfactorily to the nonmovant.").

[6] Blackie, 75 F.3d at 721 (quoting Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied, 515 U.S. 1103 (1995)).

[7] Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

[8] Bloomfield v. Bernardi Automall Trust, 170 F. Supp. 2d 36, 40 (D. Mass. 2001) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

judgment in favor of the defendant.[9]  In Massachusetts, breach of contract actions are governed

by a six-year statute of limitations.[10]  The statute of limitations begins to run on the date the cause

of action accrues,[11] which generally occurs at the time of the breach.[12]  The Massachusetts

discovery rule, however, can delay the accrual of a cause of action.[13]  Under this common law

doctrine, a cause of action accrues when the plaintiff actually knows or should have known of the

facts giving rise to his claim.[14]

This court views Shabott's claims against Mercury Air as a breach of the original service

contract.  While Shabott alleges that Mercury Air breached two additional written contracts, he

has failed to present sufficient evidence that these other contracts exist or that they are

enforceable.  Shabott's cause of action therefore accrues from the date Mercury Air allegedly

breached the original service contract.[15]

---

[9] See, e.g., The Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc., 119 F.3d 55, 64 (1st Cir. 1997).

[10] Mass. Gen. Laws ch. 260, § 2.

[11] Id.; see also Fall River Hous. Auth. v. H.V. Collins Co., 604 N.E.2d 1310, 1314 (Mass. 1992).

[12] The Saenger Org., Inc., 119 F.3d at 64.

[13] Id.

[14] Catrone v. Thoroughbred Racing Ass'ns of N. Am., Inc., 929 F.2d 881, 885 (1st Cir. 1991) ("Under the Massachusetts discovery rule, the running of the statute of limitations is delayed while 'the facts,' as distinguished from the 'legal theory for the cause of action,' remain 'inherently unknowable' to the injured party." (citing Gore v. Daniel O'Connell's Sons, Inc., 461 N.E.2d 256, 259 (Mass. App. Ct. 1984))); see also Williams v. Ely, 668 N.E.2d 799, 804 n. 7 (Mass. 1996) (indicating that the "inherently unknowable" standard is no different from the "knew or should have known" standard.); Riley v. Presnell, 565 N.E.2d 780, 785 (Mass. 1991).

[15] See  The Saenger Org., Inc., 119 F.3d at 64.

4

This court finds that Mercury Air's breach, if any, occurred on or before July 13, 1998. Shabott brought his airplane to Mercury Air on June 24, 1998 for repairs under the original service contract, and returned to Mercury Air again with his airplane on July 13, 1998. At some point between June 24, 1998 and July 13, 1998, Shabott must have retrieved his airplane from Mercury Air and discovered the damage upon which his current claims are based.[16] Mercury Air's alleged breach, therefore, occurred no later than July 13, 1998, at which time the statute of limitations began to run.[17] In order to state a timely claim, Shabott must have filed a complaint by July 13, 2004.[18] Because Shabott filed his complaint on July 14, 2004, his breach of contract claims are time-barred.

Finally, the Massachusetts discovery rule does not save Shabott's claims. While Shabott may not have been aware of the exact damage, he discovered further problems with his airplane *after* Mercury Air performed service on it, and he returned it to Mercury Air with these concerns, on July 13, 1998. Applying the discovery rule, therefore, the statute of limitations still runs from July 13, 1998. On this date "a reasonably prudent person in the plaintiff's position, 'reacting to any suspicious circumstances of which he might have been aware,' would have discovered that another party might be liable for [his] injury."[19] Because Shabott was put on notice of a potential

---

[16] While Shabott may not have discovered the exact damage from which his airplane suffered, he noticed problems with the airplane significant enough for him to return it to Mercury Air and discuss how they would proceed.

[17] See The Saenger Org., Inc., 119 F.3d at 64.

[18] See Mass. Gen. Laws ch. 260, § 2 (stating that breach of contract claims are governed by a six-year statute of limitations).

[19] See Bernier v. The Upjohn Co., 144 F.3d 178, 180 (1st Cir. 1998) (quoting Malapanis v. Shirazi, 487 N.E.2d 533, 537 (Mass. App. Ct. 1986)).

claim on July 13, 1998, the discovery rule does not extend the statute of limitations for his cause of action.[20]  Shabott's claims are therefore time-barred.

**Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment is ALLOWED.

AN ORDER (COPY ATTACHED) ISSUED ON JANUARY 25, 2006.

  /s/ Joseph L. Tauro
United States District Judge

---

[20] See id.; see also Coady v. Marvin Lumber and Cedar Co., 167 F. Supp. 2d 166, 172 (D. Mass. 2001).