```
                                                    FILED
                                                 IN CLERKS OFFICE
        UNITED STATES DISTRICT COURT
         DISTRICT OF MASSACHUSETTS         2006 MAR 10  P 12: 44
```

                                            U.S. DISTRICT COURT
                                             DISTRICT OF MASS.

LEON SHABOTT,                    )
                                 )
Plaintiff,                       ) Civil Action No. 04-11575-JLT
                                 )
v.                               )
                                 )
MERCURY AIR GROUP, INC.,         )
                                 )
Defendant.                       )

## PLAINTIFF LEON SHABOTT'S OPPOSITION TO DEFENDANT MERCURY AIR GROUP, INC.'S MOTION FOR COSTS

Pursuant to Fed. R. Civ. P. 54(d) the Plaintiff Leon Shabott (Shabott) submits his response to the Defendants, Mercury Air Group, Inc's. (Mercury) motion for costs. The Plaintiff motions this honorable court to deny the Defendants Motion costs.

### INTRODUCTION

This court ruled on the Defendants Renewed Motion for Summary Judgment on February 14th 2006. This case was dismissed without a trial. The Defendant filed a motion for costs on February 28th, 2006.

## ARGUMENT

Shabott argues that Rule 54(d) "is intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all circumstances in the case to put the burden of costs upon the losing Party". See <u>White & White, Inc. v. American Hospital Supply,</u> 786 F. 2d. 728 (1986).

Shabotts case was denied without a trial, under the fact that the court believed the issue was time barred. Mercury had admitted fault, Shabott acted in good faith.
"Good faith of unsuccessful litigants is a relevant consideration in deliberations as to whether to award costs to prevailing party" Fed.Rules Civ.ProcRule 54(d) 28 U.S.C.A.
The depositions where unnecessarily lengthy and especially in the deposition of Leon Shabott, much of the questioning had nothing to do with the case. Shabott argues the copying costs Mercury seeks are unnecessarily large.
"Denials of costs are appropriate where prevailing part's taxable costs are unnecessarily or unreasonably large". Fed.Rules Civ.ProcRule 54(d) 28 U.S.C.A.

Shabott argues that Mercury can "unquestionably bear, its

own costs without hardship". See White & White, Inc. v. American Hospital Supply, 786 F. 2d. 730 (1986)

WHEREFORE, the Plaintiff, Leon Shabott respectfully requests this honorable court dismiss the Defendants Motion for costs.

                                        Plaintiff

                                        _____
                                        Leon Shabott, Pro se

                                        4138 Center Pond Road
                                        Newark. Vermont, 05871
                                        Home (802) 723 4448
                                        Mobile 8023098707

```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
_____
LEON SHABOTT,                    )
                                 )
Plaintiff,                       ) Civil Action No. 04-11575-JLT
                                 )
v.                               )
                                 )
MERCURY AIR GROUP, INC.,         )
                                 )
Defendant.                       )
_____
```

FILED IN CLERKS OFFICE
2006 MAR 10 P 12: 43
U.S. DISTRICT COURT
DISTRICT OF MASS.

### CERTIFICATE OF SERVICE

Leon Shabott the Plaintiff, in the above named case has served the Defendant, Mercury Air Group, Inc, a copy of my motion to oppose costs by cretified U.S. Mail on this day Thursday, March 9, 2006

Plaintiff

_____
Leon Shabott, Pro se

4138 Center Pond Road
Newark. Vermont, 05871
Home (802) 723 4448
Mobile 8023098707

1