FILED
IN CLERKS OFFICE
2006 NOV 14 A 9:03
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEON SHABOTT | ) | |
| *Plaintiff* | ) | Civil Action No. |
| v. | ) | 04-11575-JLT |
| MERCURY AIR GROUP, INC. | ) | |
| *Defendant* | ) | 14 November 2006 |
| AVCO CORPORATION, LYCOMING DIVISION | ) | |
| *Third Party Defendant* | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RULE 60(B) MOTION FOR RELIEF FROM THE COURT'S 14 FEBRUARY 2006 JUDGMENT OF DISMISSAL

Plaintiff Leon Shabott ("Shabott") has moved the Court pursuant to Rule 60(b) of the Fed. R. Civ. Proc. for relief from its 25 January 2006 order of dismissal ("Dismissal Order") and its subsequent 14 February 2006 judgment of dismissal ("Judgment of Dismissal"). See 13 November 2006 "Plaintiff's Motion for Relief Pursuant to Rule 60(b) for the Court's Award of Summary Judgment to the Defendants" ("Motion for Reconsideration"). Shabott in his Motion for Relief for Judgment bases his request pursuant to Rule 60(b) for: (1) "excusable neglect," (2) "newly discovered evidence," and also (3) "fraud, misrepresentation or other misconduct" against the Defendant Mercury Air and/or its attorney. Rule 60 (b)(1,2,3). In consideration of his Motion for Relief for Judgment, Shabott supplies the instant memorandum, the concurrently filed 13 November 2006 "Affidavit of Leon Shabott" ("Shabott's Affidavit") with attachments and his "Renewed Opposition to the Defendant's Second Motion for Summary Judgment" ("Renewed Opposition to Summary Judgment").

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 2

Shabott commenced the instant action against the Defendant on 14 July 2005, which raises breach of contract claims against the Defendant Mercury Air Group, Inc. for destroying the engines of his Beechcraft Bonanza Twin Airplane ("Airplane") during the course of the Defendant doing repair work on the Airplane in June-July 1998. The Court granted summary judgment for the Defendant and dismissed Shabott's claims for relief against it. In doing so the Court ruled that Shabott's breach of contract claim accrued against the Defendant on 13 July 2006. The Court then found that the instant action was commenced one day outside of the applicable six-year statute of limitation under Massachusetts' law. Owing to his being denied access to his relevant financial records for reasons outside of his personal control, Shabott was impaired in challenging the Defendant's claims that 13 July 1998 was the date that the Defendant returned the Airplane to Shabott. Shabott has always claimed that 16 July 1998 was the real date that he paid the Defendant for its ongoing repair work on the Airplane and then took the Airplane for a "Test Flight." See Complaint ¶ 6, Shabott's Affidavit ¶ 19

Records of Shabott's past financial dealings with the Defendant have recently been made available to him for the first time during the proceedings. These financial records previously had been in the exclusive custody of the disgruntled former spouse of Shabott. See Shabott's Affidavit ¶ 47. These records undisputedly show the date of the day that the Airplane was returned to Shabott by the Defendants after they did repair work on his Airplane. This was 16 July 2006, and not the date of 13 July 2006 as alleged by the Defendants in their Second Motion for Summary Judgment. See Complaint at ¶ 6, Shabott's Affidavit at ¶ 48, This was the same day that he made his test flight ("Test Flight") of his Airplane as asserted in paragraph 6 of his Complaint. This means — consistent with the finds of fact and law of the Dismissal Order —

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 3

that 16 July 1998 — and not 13 July 1998 — is the date that Shabott's breach of contract claims accrued against the Defendants. See Complaint at ¶ 6, Shabott's Affidavit at ¶ 20

The Defendant and its attorney, as a matter of record, have unethically and impermissibly attempted to exploit Shabott's self-representation and his obvious unfamiliarity with the practice of law. They have deliberately refused to provide Shabott the discovery that the Court ordered them to provide Shabott. See Shabott's Affidavit at ¶ 43. They violated the Court's Discovery Order further in refusing to provide Wasson to be deposed by Shabott, despite Shabott's repeated request to their attorney that he agree to a date and place for Wasson to be deposed. See Shabott's Affidavit at ¶¶ 45 - 46. In addition it appears that an affidavit by Michael Wasson and attached notes were deliberately fabricated in order to secure the Court's dismissal of the instant action. See Shabott's Affidavit at ¶ 50

Based on indisputable reality provided by the newly discovered financial records of Shabott, Shabott commenced the instant action within the allowed six-year statute of limitations imposed under Massachusetts' law. Based on this newly available evidence and for the other reasons raised by Shabott in support of his Motion and Relief from Judgment, the Court should vacate its Dismissal Order, deny the Defendants' Second Summary Judgment Motion in light of the newly available evidence, and then schedule a trial for Shabott's claims against the Defendants.

Justice demands no less.

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 4

## List of Cited Cases and Authorities

*Cases*

*Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,*
507 U.S. 380, 113 S. Ct. 1489 (1993)

*Alpern v. UtiliCorp United, Inc.,*
84 d 1525 (8th Cir. 1996)

*Hoult v. Hoult,*
57 F. 3d 1 (1st Cir. 1995) (R60 cannot simply ask for a new opinion)

*U.S. Steel v. M. DeMatteo Const. Co.,*
315 F. 3d 43 (1st 2002)

*Fiore v. Washington County Community Mental Health Center,*
960 F. 2d 229, 232 (1st Cir. 1992) R60 denials are admitted to appeal

*Silk v. Sandoval,*
435 F. 2d 1266 (1st Cir. 1971) R60 more than a new legal ruling

*Perez-Perez v. Popular Leasing Rental, Inc.*
993 F. 2d 281, 284 (1st Cir. 1993)

*Stonkus v. City of Brockton School Dept.,*
322 F. 3d 97, 101 (1st Cir, 2003)

*Deo-Agbasi v. Parthenon Group,*
229 F. R. D. 348 (D. Mass. 2005)

*Poskus v. Lombardo's of Randolph, Inc.,*
48 Mass. App. Ct. 527, 528 N. E. 2d 525, 526 (Mass 2000)

*Authorities*

Rule 60(b) of the Fed R. Civ Proc.

Massachusetts General Laws Ch. 260 § 2A

Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment 5

**Standard of Review for Requests for Relief Brought Pursuant to Rule 60(b)**

Rule 60(b)[1] of the Fed. R. Civ. Proc. authorizes the Court to grant relief from its prior judgment awarding summary judgment ti the Defendant and dismissing Shabott's claims against it for failing to commence the instant action with the applicable six-year state of limitations. Motions pursuant to Rule 60(b) are to be granted sparingly owing to respect for the finality of a court's decision but should be granted when deserving to insure Justice. See *U.S. Steel v. M. DeMatteo Const. Co.*, 315 F. 3d 43 (1st 2002):

> "We review the district court's denial of USS's Rule 60(b) Motion for abuse of discretion, proceeding with "the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.[ Quoting *Karak v. Bursaw Oil Corp.*, 288 F. 3d 15, 19 (1st Cir. 2002)]." *Id.*

*I. Relief under Rule 60(b)(1): For "mistake, inadvertence, surprise, or excusable neglect"*

The First Circuit in *Stonkus v. City of Brockton School Dept.* 322 F. 3d 97, 101 (1st Cir, 2003) adopted the definition of "excusable neglect" used by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489 (1993)

"The Court held that "the determination is at bottom an equitable one, taking

---

[1] Rule 60(b) reads in part — "**b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 6

account of all relevant circumstances surrounding the party's omission." These circumstances include "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. [Citing *Pioneer* at 395, 1489]" *Id.*

II *Relief under Rule 60(b)(2): For "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."*

In *Alpern v. UtiliCorp United, Inc.*, 84 d 1525 (8th Cir. 1996) the Eight Circuit ruled that—

> "A party is entitled to relief under Rule 60(b)(2) from an order of summary judgment where (1) the evidence was discovered after the summary judgment hearing; (2) the moving party exercised due diligence to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new hearing considering the evidence would probably produce a different result." Citing *Callanan v. Runyun*, 75 F. 3d 1293, 1297 (8th Cir. 1996). Id at xxx

III. *Relief Under Rule 60(b)(3): For "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."*

In *U.S. Steel v. M. DeMatteo Const. Co.*, 315 F. 3d 43, 53 (1st 2002) the Court ruled that —

> "To obtain relief from judgment under Rule 60(b)(3) due to "fraud, misrepresentation or other misconduct of an adverse party," the movant must demonstrate misconduct by clear and convincing evidence. FN10 *Karak*, 288 F.3d at 20-21 (citing *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir.1988)). 52-53.
>
> "The movant must also show that the misconduct foreclosed full and fair preparation or presentation of his case. However, since USS failed to provide sufficient evidence of misconduct, we do not reach this second criterion." *Id.* n. at 10.

Affidavits used in support of summary judgment motions may be struck from the record if the allegations raised in them are fraudulent and made in bad faith.

Rule 56(g) states —

> "Should it appear to the satisfaction of the Court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 7

> the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, and any offending party or attorney may be adjudged guilty of contempt." *Id.*

**Discussion**

On 20 October 2006, Shabott regained custody from his disgruntled ex-spouse of a box of his financial records from 1998. See Shabott's Affidavit. In this box he discovered a monthly bill of credit card payments ("1998 Credit Card Bill") that indisputably demonstrates that 16 July 1998 was the date that Shabott: 1) paid the Defendants for the repair work done on his Airplane, 2) the Defendants returned the Airplane to Shabott, and that 3) Shabott then took the Airplane on the Test Flight (all three events henceforth the "1998 Events"). The 1998 Credit Card Bill verifies Shabott's claim in his Complaint that he paid the Defendant for repair work and then flew the Airplane on a Test Flight on 16 July 1998 ("1998 Events"). See Shabott's Complaint at ¶ 6.[2] Before the 20 October 2006, Shabott was unable to supply written evidence to support this claim because his disgruntled former spouse denied him access to these relevant financial records of 1998.

Relying on the undisputable 1998 Credit Card Bill to establish that the actual date of the 1998 Events taking place on 16 July 1998, the instant action was commenced within the allowable six year time imposed by the applicable state of limitations. The instant action was commenced 14 July 2004. The statute of limitations for bringing a breach of contract claim under Massachusetts' law is six years from the date of the claim accrues. The Court ruled in its memo to its Dismissal Order that Shabott's claims accrued against Mercury on the date of the 1998

---

[2] Shabott's Complaint at ¶ 6 reads as follows: "Once the repairs were completed and fully paid for Plaintiff test flew his airplane on July 16th, 1998. While on the test flight [Test Flight] the motors began to having some problems. The aircraft was able [to be] land[ed] with rough running motors without incident."

Events. These facts considered, the instant action was clearly commenced with the time limits imposed by the applicable statute of limitations.

The newly discovered 1998 Credit Card Bill incontrovertibly proves that the Defendant's claimed date of 13 July 2006 for the 1998 said Events to have took place on is completely wrong, This date for the 1998 Events taking place was wholly relied on by the Defendants as an undisputed fact in their Second Motion for Summary Judgment to establish their allegation that Shabott's claims against the Defendant for breach of contract accrued on that date. Since the 1998 Credit Card Bill absolutely establishes that the date of the 1998 Events was instead 16 July 1998, the Defendant's argument that the instant action was commenced outside the allowed dates under the applicable statute of limitation falls by the wayside.

The Court in the memorandum supporting its Dismissal Order ruled that the date of the Events was the date that Shabott's b reach of contract claims against the defendant accrued. The Court then found that the date for the events must have been 13 July 2006 relying solely on the sworn to assertions made by a Michael Wasson in an affidavit that Defendant filed with the Court in support of a motion for summary judgment. The 1998 Credit Card Bill indisputably makes the claim of the Wasson's affidavit that the Events took place on 13 July 2006 as no longer credible.

The Defendant based its claim that 13 July 1998 was the date of the Events on nothing more than the alleged existance of a set of handwritten notes made by Michael Wasson on or about that date. See the 12 October 2004 "Affidavit of Michael Wasson" ("Wasson's Affidavit") at ¶ 7 Defendants' and the Defendants' 31 October 2005 Statement of Issues of Undisputed Fact

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 9

at ¶ 5.[3] The Wasson Affidavit alleged that Shabott delivered to the Defendants his Airplane for repair work and that the Defendants did repair work ob the Airplane before returning the Airplane to Shabott on or before 13 July 1998. See *Id.* at ¶¶ 5-7.

The Defendants produced no financial records of any kind in support of their claim that 13 July 1998 was the date that Shabott paid for the repairs on the Airplane. As importantly the Defendants deliberately failed to comply with the Court's discovery order

The Defendants refused to supply Wasson for deposition.[4] In support of this factual allegation the Wasson Affidavit refers to a set of handwritten notes allegedly made about this time by Wasson and a transcription of these alleged notes was attached to the Wasson Affidavit as it was filed with the Court. See *Id.* at ¶ 4.

The Court found the date that Wasson alleged in his said affidavit that the Defendants returned the Airplane to Shabott — 13 July 1998 — to be depositive in determining when the statute of limitations accrued. In its Dismissal Order, the Court made a finding that 13 July 1998 was the date that Shabott's breach of contract claim against the Defendants accrued. As a result, the Court then found that the commencement of the instant action on 14 July 2004 to be one day outside the six-year statute of limitations imposed by Massachusetts' breach of contract statute.[5] In addition, the Plaintiff alleges that the hand written notes filed by the Defendant that indicates

---

[3] See 31 October 2006 "Defendants Mercury Air Group, Inc.'s State of Undisputed Issues of Material Fact in Support of Its Renewed Motion for Summary Judgment."

[4] The Defendants refused Shabott's repeated requests to them to supply Michael Wesson in order for him to be deposed by Shabott as ordered by the Court in its order dated Because of this deliberate refusal by the Defendants' attorney to obey the Court's Discovery Order, Shabott never had the opportunity to exercise his right to depose Wesson in order to impeach the factual allegations made by him in the Wesson Affidavit. Specifically Shabott was prevented from challenging Wesson on the issue of whether his alleged hand written notes were authentic.

[5] M. G. L. Ch. 260 § 2.

that the Test Flight was done on 13 July 1998 is apparently a deliberate fraud upon the Court committed by the Defendant, its agent, and/or its attorney of record.

Rule 60(b) reads —

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

I.  *The Court should grant Shabott relief under Rule 60(b)(1): For "mistake, inadvertence, surprise, or excusable neglect."*

The failure of Shabott to supply evidence of his claims in his Complaint that the 1998 Events took place on 16 July 1998 constitutes excusable neglect. The said financial documents were not in his custody until recently. They were in the possession of his disgruntled ex-spouse who refused to give him access to them until recently.

II  *The Court should grant Shabott relief under Rule 60(b)(2): For "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."*

The 1998 Credit Card Bill constitutes newly discovered evidence that was only recently made available to Shabott. The 1998 Credit Card Bill constitutes material evidence that if considered by the Court would cause it deny the Defendants Second Motion for Summary Judgment. The 1998 Credit Card Bill is undisputable proof that the 1998 Events happened on 16 July 1998. In its Dismissal Memo, the Court ruled that Shabott's breach of contract claims against the Defendant accrued on the date of the 1998 Events. The Court then interpreted this date to be 13 July 1998 owing solely to the Wasson Affidavit's claim that the 1998 Events on that date based on a date written on a

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 11

set of hand written notes that it claimed to have been discovered in Wasson's possession, without any other corroborative evidence. It is undisputable that the 1998 Credit Card Bill and other corroborative documents filed with the Court in support of Shabott's Motion for Relief Judgment and attested to in Shabott's Affidavit. The 1998 Credit Card Bill other said documents show the dates on Wasson's alleged notes to be incorrect, if not possibly a forgery.

III. *The Court should grant Shabott relief under Rule 60(b)(3): For "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."*

The inconsistency between the date for the 1998 Events that is asserted by the 1998 Credit Card Bill and Wasson's Notes cannot be explained as an honest mistake. Clearly Wasson's Notes are a fabrication that are knowingly used to establish the date of the 1998 Events as occurring on the fictitious date of 13 July 1998. The Court could not have granted the Defendant's Second Motion for Summary Judgment — having denied its first motion for summary judgment — without the Defendant making this fictitious claim. The Court cannot allow this deliberate act of deception by the Defendant's to stand and deny Shabott's his day in court.

The Defendants employed other practices of deceit and bad faith in order to persuade the Court to dismiss Shabott's claims against Defendant. The Defendant deliberately refused to obey the Court's 14 February 2005 discovery order ("Discovery Order") and did so by preying off Shabott's self represented status. The Discovery Order required that the Defendant make Michael Wasson available to be deposed by Shabott. The Defendant's attorney repeatedly refused Shabott's request to schedule Wasson's court ordered deposition. This failure prevented Shabott from having any meaningful opportunity to impeach the allegations made in Wasson's

**Shabott v. Mercury Air Group, Inc.: 13 November 2006 Memorandum in Support of His Motion Pursuant to Rule 60(b) for Relief from Judgment** 12

Affidavit including the clearly fraudulent Wasson's Notes.

The Defendant further violated the Discovery Order in bad faith by refusing to supply the Defendant's relevant financial and business records related to the 1998 Events, including all the written agreements between the Defendant and Shabott. This refusal to comply with the Discovery Order fatally impaired Shabott's ability to have the necessary material evidence to impeach Wasson's Notes and the Defendant's other erroneous allegations of facts used in support of its Second Motion for Summary Judgment.

Thorough all, the Defendant's said fraud and misrepresentation of fact, was its consistent inappropriate practice of exploiting Shabott's self represented status. This is essentially the only civil action that Shabott has ever brought. At its commencement Shabott had little idea what the practice of the law demanded of him in order to prevail in his claims against the Defendant. For example, when the Defendant's attorney refused his requests to schedule the deposition of Michael Wasson, Shabott was clueless on what to do about this refusal of the Defendant's attorney to comply with the Discovery Order. On the surface Shabott's inadvertent failure to ask the Court to compel Wasson's deposition looks negligent. In reality he was filled with anxiety, frustration, and confusion on how to proceed. The Defendant's attorney cannot be allowed to exploit Shabott's legal inexperience.

**Summary**

The Court should grant Shabott's request for relief from the Court's awarding summary judgment to the Defendant. Newly discovered material evidence in the form of the 1998 Credit Card Bill and the Defendant's attempts to thwart justice through deception and fraud compels the Court to grant Shabott's requested relief.

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

BY:

Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871
802.723.5487

*Pro Se*

CERTIFICATION OF SERVICE

I certify that I have served on 14 November 2006 a copy of this motion on the Defendant and Third Party Defendant's attorneys respectively VIA U. S. First Class Mail and E-Mail.

Leon Shabott, Plaintiff