UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 DEC 11 P 1: 10

US. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LEON SHABOTT | ) |
| *Plaintiff* | ) Civil Action No. |
| v. | ) 04-11575-JLT |
| MERCURY AIR GROUP, INC. | ) |
| *Defendant* | ) 11 December 2006 |
| AVCO CORPORATION, LYCOMING DIVISION | ) |
| *Third Party Defendant* | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS PETITION TO HOLD A SHOW CAUSE HEARING IN REGARDS TO MAKING A CONTEMPT FINDING**

A court should zealously guard against the danger that a person bringing meritorious claims before it can have these claims dismissed based on deception and fraud of the opposing party. The achievement of Justice requires that the Public feel confidant and secure that the proceedings in a judicial forum are based on Truth and conducted in good faith to insure that the deserving party triumphs. Justice first can only be served through a court's vigilance that only the Truth will be heard and that deliberate deception will be summarily punished.

Shabott brought a facially meritorious case to the Court against the Defendant for breach of contract. In 1998, Shabott had turned his twin-engine Airplane over to the Defendant for routine maintenance. It was literally "running on all cylinders" and otherwise in good mechanical shape when he brought it to the Defendant to do a required maintenance in order for it to remain certified as airworthy under regulations adopted the Federal Aviation Administration ("FAA"). The Defendant destroyed one of the Airplane's engines; Instead of simply doing the required

Case 1:04-cv-11575-JLT   Document 75   Filed 12/11/2006   Page 2 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 December 2006 Memo In Support of his Motion for a     2
Show Cause Hearing for Contempt Against Michael Wasson

maintenance allows Shabott to obtain his FAA airworthiness certificate. The Defendant admits that it put the wrong parts in both engines and on 16 July 1998 — when Shabott took the Airplane for a short test flight — the said wrong parts or miss-installed began to fail. A subsequent inspection by an independent engine expert — who was agreed to by both parties — produced a conclusion by him that these same wrong parts failed after the engine was run causing the engine to be destroyed. The Defendant refused to repair the damage that it caused Shabott's engine. In so doing it provided Shabott with his breach of contract claims against the Defendant. There is no question that Shabott will succeed on his breach of contract against the Defendant.

      Based solely on the undisputed facts, Shabott is likely to prevail against the Defendants. Shabott's Airplane's engines now need about $70,000 of repair work to make them certifiable as airworthy again and the aircraft has suffered damage from lack of care while it was entrusted to the Defendants. Shabott deserves to have the Defendant pay for the repair work because its negligent repair work — its use of wrong engine parts or did improper work or bolth — is the only known cause for the immediate destruction of the Airplane's engines. In addition to the damage sustained to his Airplane, the Defendant's willful refusal to accept responsibility and make the necessary repairs cost directly Shabott thousands of dollars in lost work and wages for his business.

      The Plaintiff Shabott appears to be a victim of a deliberate deception and act of perjury by Michael Wasson ("Wasson"). Wasson at one point worked for the Defendant. He signed an affidavit under penalty of perjury attesting to the authenticity of a photocopy of a set of hand written notes that the affidavit alleges was written by Wasson staring in July, 1998 for a period of time lasting about a year. Citing these Notes — any only these notes — as the basis of his

Case 1:04-cv-11575-JLT   Document 75   Filed 12/11/2006   Page 3 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 December 2006 Memo In Support of his Motion for a    3
Show Cause Hearing for Contempt Against Michael Wasson

recollection, Wasson claimed in his Affidavit that the date that the Defendant gave Shabott back his Airplane and then returned it to the Defendant was on 13 July 1998. A single day before the statute of limitation became applicable according to a ruling by the Court.

Shabott has been denied his right to his day in court because of Wasson's claim that 13 July 2006 — and not 16 July 2006 as claimed in Shabott's complaint — was the date that Shabott test flew his airplane. Right from the start Shabott was suspicious of the authenticity of the Notes and demanded to depose Wasson. The Court ordered Wasson to be deposed. But the Defendant's attorney refused all of Shabott's requests to schedule a deposition. He then made a second motion for summary judgment that the Court granted without any further hearing for oral argument.

Because the Notes supplied the substantiating evidence behind Wasson's claim for 13 July 2006 as the date for Shabott's return of the Airplane to the Defendant — as opposed to the date of 16 July 2006 as claimed by Shabott in his Complaint — the Court ruled in favor of the Defendant on its summary judgment motion to dismiss Shabott's breach of contract claims. The Court dismissed Shabott's claims for having accrued one single day outside of the applicable period imposed by statute of limitations for Shabott to bring his claim. Unfortunately, the Notes seem to be a complete forgery.

Recently Shabott was given past business records heretofore unavailable to him. He received a credit card monthly bill for July 1998 ("1998 Credit Card Bill") that indisputably shows that Shabott paid the Defendant repair costs accrued up to the date that he took the test flight and returned the Airplane to the Defendant afterward. The 1998 Credit Card Bill shows that Shabott paid his repair bill on 16 July 2006, the date he claimed to have done so in his Complaint. It is not credible to believe that he would have paid this bill after the date of his test

Case 1:04-cv-11575-JLT  Document 75  Filed 12/11/2006  Page 4 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 December 2006 Memo In Support of his Motion for a   4
Show Cause Hearing for Contempt Againt Michael Wasson

flight. In fact, the very claim of a breach of contract is based on the necessity that the repair bill had to have been paid by Shabott to the Defendant before the breach could have been ripened by the destruction of the Airplane's engine(s) as a result of the installment of the wrong parts and or wrong doing by the Defendant.

This is not a mere conflict in alleged facts. The 1998 Credit Card Bill cannot be seen as possibly to be in error. The Notes are claimed by Wasson to have been written on the very dates that they were written. It cannot be seen as a routine error that Wasson got the date wrong. In fact, the Notes have at least two wrong dates. The 13 July 1998 date of the test flight and the date — the next day of 14 July 1998 — when Wasson claimed to have told Shabott about the damage sustained by his Airplane engine. Obviously — based on the true time frame of the 1998 Credit card Bill — that date had to have been 17 July 1998 or later. It cannot be seen as credible that Wasson would have been confused what day it was that he wrote the notes over the course of two days. Especially, when by Wasson's own admissions that he making these Notes to *carefully* document the repair work done on Shabott's Airplane.

The complete failure of the Notes to be based on the indisputable dates of the 1998 Credit Card Bill — and its conveniently being produced to support a claim that Shabott was one single day late in meeting the statute of limitations deadline — necessitates the Court in holding the requested show cause hearing to consider holding Wasson in contempt for perjury of his sworn statement made in his affidavit attesting to the authenticity of the Notes. Additionally, the Court should order Wasson to be deposed before the hearing so as to provide Shabott the opportunity to examine Wasson under oath in order to impeach his sworn statements in his affidavit and to fully be able to examine Wasson's claims of the Notes authenticity.

Case 1:04-cv-11575-JLT    Document 75    Filed 12/11/2006    Page 5 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 December 2006 Memo In Support of his Motion for a    5
Show Cause Hearing for Contempt Againt Michael Wasson

The Court ordered Wasson deposed. The Defendant's attorney flaunted this order. His flagrant refusal to comply with the Court's discovery order prevented Shabott from impeaching Wasson's said claims in opposing the Defendant's second motion for summary judgment. The possibility of Wasson's perjury and the Defendant's attorney's contumacy in refusing to supply Wasson for deposition maybe more than a simple coincidence and provides credible basis of suspicion for the Court's further examination for complicity by the Defendant's attorney in assisting Wasson in his perjury.

### Requested Relief

Shabott asks the Court to hold the requested show cause hearing and then find Wasson perjured himself in making sworn statements attesting to the Notes authenticity and then make a finding of judgment in favor of Shabott on his claims against the Defendant as punishment for deliberately offering fraudulent and perjured testimony. Shabott also requests — pursuant to Rule 37(b)(2)(C) — that the Court hold the show cause hearing and then rule that the Defendant disobeyed the Court's discovery order that Wasson be deposed. See *Damianai v. Rhode island Hospital*, 704 F. 2d 12 (1st Cir. 1983); *Anderson v Cryovac, Inc.*, 862 F. 2d 910 (1st Cir. 1988).

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

BY: _____
Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871
802.309.8707

*Pro Se*

Case 1:04-cv-11575-JLT  Document 75  Filed 12/11/2006  Page 6 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 December 2006 Memo In Support of his Motion for a    6
Show Cause Hearing for Contempt Againt Michael Wasson

## CERTIFICATION OF LOCAL RULE 7.1 CONSULTATION

I certify that I consulted with the Defendant's attorney on the issues underlying this motion during a phone call with him on 4 December 2006.

_____
Leon Shabott, Plaintiff

## CERTIFICATION OF SERVICE

I certify that I have served on this date a copy of this motion on the Defendant's attorney and Third Party Defendant's attorney VIA U. S. First Class Mail on 11 December 2006.

_____
Leon Shabott, Plaintiff