UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JAN 11  A 10: 15

| | |
|---|---|
| LEON SHABOTT | |
| Plaintiff | Civil Action No. |
| v. | 04-11575-JLT |
| MERCURY AIR GROUP, INC. | |
| Defendant | 12 January 2007 |
| AVCO CORPORATION, LYCOMING DIVISION | |
| Third Party Defendant | |

US DISTRICT COURT
DISTRICT OF MASS.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION OF HIS PETITION TO HOLD A SHOW CAUSE HEARING IN REGARDS TO MAKING A CONTEMPT FINDING**

Justice requires that a Court insure that no one dares offer it testimony under oath that is deliberately false and fabricated simply to defeat the meritorious claims of a victimized plaintiff. The opposition[1] of the Defendant to Shabott's motion[2] for the Court to hold a hearing to determine if the Defendant's witness should be held in contempt constitutes nothing more than bombast. The issue of Wasson's possible perjury is a separate matter from the merits of Shabott's claims against the Defendant and survives the Court's dismissal of those claims. The possible perjury by Wasson is an issue of contempt to the process of Justice that the Court cannot ignore despite the termination of the instant action. Obviously, if the Court found that Wasson

---

[1] See 19 December 2006 "Defendant Mercury Air Group, Inc. Opposition to Plaintiff's Petition for the Court to Hold a Show Cause Hearing to Determine Whether Michael Wasson Should be Held in Contempt" ("Defendant's Opposition").

[2] See 6 December 2006 "Plaintiff's Petition to Hold a Show Cause Hearing to Determine Whether Michael Wasson Should be Held in Contempt" ("Shabott's Motion").

Case 1:04-cv-11575-JLT   Document 80   Filed 01/11/2007   Page 2 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 January 2007 Response to Defendant's Opposition his   2
Motion for a Show Cause Hearing for Contempt Against Michael Wasson

perjured himself in his affidavit[3] in claiming that the attached notes ("Wasson's Notes") were authentic and written by him in 1998-1999, it would provide a basis for Shabott to seek relief pursuant to Rule 60(b) of the Fed. R. of Civ. Proc.

The Defendant is no more capable of meaningfully refuting Shabott's claims against Wasson's possible perjury than it is capable of refuting Shabott's claims against it underlying the instant action. In its Opposition it offers not a scintilla of corroborating proof that Wasson's Notes could be a simple forgery produced in 2004 and not in 1998 – 1999. In fact, the Defendant's attorney has never even seen the original notes nor made any effort to authenticate the validity of these notes. See 11 January 2007 Affidavit of Leon Shabott ("Shabott's Affidavit") at ¶ 2. In short, the Defendant makes no meaningful offerings in his Opposition to counteract the indisputable reality that the date (13 July 1998) in Wasson's Affidavit on which he claimed that Shabott made a payment of his ongoing repair costs to the Defendant and then test flew his Airplane is in fatal conflict with the date that Shabott's credit card bill showed was the date the bill was actually paid (16 July 1998).

It is undisputed that the Defendant — Mercury Air Group, Inc. — out of sheer negligence — destroyed both engines of his airplane by re-assembling these engines with incorrect replacement parts. The Defendant does not dispute this reality. In order to evade being held accountable the Defendant has desperately sought to have Shabott's claims dismissed on a technicality — claiming that the instant action was filed outside of the date allowed by the statute of limitations. It is a matter of suspicious convenience that a set of notes materialize out of nowhere that provides a single date that affords the Defendant its only evidence to get Shabott's claims dismissed on this technicality.

---

[3] See Docket # 10, 9 December 2004 Affidavit of Michael Wasson ("Wasson's Affidavit").

Case 1:04-cv-11575-JLT    Document 80    Filed 01/11/2007    Page 3 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 January 2007 Response to Defendant's Opposition his    3
Motion for a Show Cause Hearing for Contempt Against Michael Wasson

Rule 1008 of the Federal Rules of Evidence requires that a court resolve disputes on the authenticity of documents. Wasson's Affidavit asserts the date of 13 July 1998 based on this date being used in Wasson's Notes. Wasson's Affidavit claims no personal recollection of 13 July 1998 except for its being found in Wasson's Notes. To this day, the Defendant has not established the origin of these notes — its "chain of custody." In fact the original copy of Wasson's Notes is NOT in possession of the Defendant's attorney and it has not been introduced into evidence. This violated the Rule 1002 of the Federal Rules of Evidence that requires that the original copy of a document is required to maintain its authenticity in order for it to be admitted into evidence.

The totality of the Defendant's Opposition to the Court making a reasonable inquiry into the suspicious inconsistency these two dates is a simple outburst against judicial process —

> "Quite simply, this case is over; it has been closed by the district court; and Shabott has failed to provide evidence necessary to accuse Mr. Wasson of deception and fraud or to hold him in contempt (indeed there is no such evidence)." Mr. Wasson is a witness because Mercury presented his notes and identified him during automatic disclosure. Both Wasson and his notes were always available to the plaintiff while this case was pending. Mr. Wasson stands by his notes and he has done nothing to subject himself to the false unsubstantiated allegations of Shabott. Interestingly, the credit card bills which the plaintiff Leon Shabott ("Shabott"), is now using to challenge the authenticity of Mr. Wasson's notes also were accessible prior to the time the case was closed. Mr. Shabott however did not take the steps necessary to produce them. Under these circumstances, Mr. Shabott should not be permitted to re-open this case for the show cause hearing he has requested." *Id*.

The Defendant's attempt to evade judicial inquiry constitutes nothing more than a baseless attack on Shabott — a *pro se* litigant — for being too trusting of Wasson and not believing that he would deliberately make false statements to the Court. Shabott only became aware of the possibility that Wasson might have perjured himself when the said credit card bill suddenly came into his possession after the Court's judgment against him. See 13 November

Shabott v. Mercury Air Group, 05-11575-JLT: 11 January 2007 Response to Defendant's Opposition his   4
Motion for a Show Cause Hearing for Contempt Against Michael Wasson

2006 "Affidavit of Leon Shabott" at ¶¶ 47 –48. It is obvious that the Defendant's attorney is in possession of the Defendant's

### The Defendant's Attorney's Violation of Court's Discovery Order

The reality is that the Defendant's attorney — and not Shabott — violated several discovery orders of the Court that required that Wasson be provided by the Defendant to be deposed by Shabott so that he could examine the validity of Wasson's sworn statements concerning Wasson's Notes.  See Shabott's Affidavit at ¶ 4. The Defendant's attorney deliberately refused to turn over to Shabott financial records of the Defendants in violation of the Court's discovery orders and Rule 26(B) of the Fed. R. of Civ. Proc. See Shabott's Affidavit at ¶ 3. It is obvious that the Defendant's attorney is in possession of the Defendant's financial records concerning Shabott's dealings with the Defendant. Shabott maintains that the Defendant's attorney has deliberately withheld these financial records — and violated the Court's rules of discovery — in order to prevent Shabott from discrediting Wasson's Affidavit and Wasson's Notes.[4]

The facts show that the Defendant's attorney deliberately exploited the inexperience of Shabott to violate the Court's discovery orders — including keeping Shabott from deposing Wasson. For example, the Defendant's attorney deliberately withheld the name of the Defendant's insurance company, the names of the Defendant's employees that worked on Shabott's Airplane, and other witnesses to these events. The Defendant's attorney violated Rule 30(d)(2) of the Fed. R. of Civ. Proc. by coercing Shabott without the permission of the

---

[4] This also implies the distinct possibility that the Defendant's attorney knowingly encouraged Wasson to possibly make knowing false statements under oath. The Defendant's attorney must have obtained the financial records involving Shabott dealings with them prior to obtaining Wasson's Affidavit.

Shabott v. Mercury Air Group, 05-11575-JLT: 11 January 2007 Response to Defendant's Opposition his    5
Motion for a Show Cause Hearing for Contempt Against Michael Wasson

Court and without Shabott's consent into attending three days of deposition at considerable personal and financial cost to Shabott.[5] See Shabott's Affidavit at ¶ 16.

It is well established that the rights of Pro Se litigants under law and the Court's rules must be protected by the Court, A *pro se* litigant's lack of experience with courts and its rules makes them extremely vulnerable to be exploited by the sophisticated attorney's representing the opposing party. The Court should reasonably act to insure that the *pro se* litigant is aware of his fundamental procedural rights. It should insure that the opposing party's attorney complies with the Court's discovery orders and rules. See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972.); *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8 (1st 1990); *Ahmed v. Rosenblatt*, 118 F.3d 886 (1st 1997); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976).

The Court should take into consideration of the Defendant's refusal to supply the required discovery and its refusal to allow Shabott to depose Wasson. The Court should note the "dirty hands" of the Defendant in regards to discovery. Shabott's failure to be able to depose Wasson was not of his own making. He repeatedly asked the Defendant's attorney to depose Wasson and was repeatedly denied by him. He was not supplied the financial records of the Defendant that should have been supplied under the Court's rules and orders. The Court should grant Shabott's Motion so that he can examine Wasson on the stand after subpoenaing some additional hitherto records not previously obtained by Shabott.

---

[5] Rule 30(d)(2) requires that "unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one of seven hours. Obviously, Shabott was unaware at the time of his deposition of this rule. The Defendant's attorney never ask Shabott for his permission to continue his deposition beyond one day as required by the Court and instead was commanded by the Defendant's attorney to attend two more days of additional deposition. Instead, he deliberately mislead Shabott into believing he was required to attend additional days of deposition if commanded to by the Defendant's attorney. Obviously, Shabott would not have done so had he known otherwise.

Case 1:04-cv-11575-JLT    Document 80    Filed 01/11/2007    Page 6 of 6

Shabott v. Mercury Air Group, 05-11575-JLT: 11 January 2007 Response to Defendant's Opposition his    6
Motion for a Show Cause Hearing for Contempt Against Michael Wasson

### Shabott's Pending Rule 60 Motion

Shabott had a Rule 60(b) motion before the Court to revisit its earlier judgment dismissing his claims against the Defendants.[6] Clearly, an essential issue before the Court in that matter is the fraudulent practice of the Defendant in denying Shabott discovery and the use of Wasson's Affidavit. The Court must see that its resolution of the issue of whether or not Wasson is committing perjury is relevant to granting Shabott his Rule 60 motion. The Court should grant Shabott's Motion in the interest of Justice and to protect the dignity and respect of the Court.

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

BY:

Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871
802.723.5487

*Pro Se*

### CERTIFICATION OF LOCAL RULE 7.1 CONSULTATION

I certify that I consulted with the Defendant's attorney on the issues underlying this motion during a phone call with him on 11 January 2007.

Leon Shabott, Plaintiff

### CERTIFICATION OF SERVICE

I certify that I have served on this date a copy of this motion on the Defendant's attorney and Third Party Defendant's attorney VIA U. S. First Class Mail on 11 January 2007.

Leon Shabott, Plaintiff

---

[6] See 14 November 2006 "Plaintiff's Motion Pursuant to Rule 60(b) for Relief from the Court's Award of Summary Judgment to the Defendants."