UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JAN 22  A 10: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LEON SHABOTT | ) |
| *Plaintiff* | ) |
| | ) Civil Action No. |
| v. | ) 04-11575-JLT |
| MERCURY AIR GROUP, INC. | ) |
| | ) 22 January 2007 |
| *Defendant* | ) |
| AVCO CORPORATION, LYCOMING DIVISION | ) |
| *Third Party Defendant* | ) |

**PLAINTIFF MOTION PURSUANT TO RULE 60(B) FOR RELIEF FROM THE COURT'S AWARD OF COURT COSTS TO THE DEFENDANT**

Plaintiff Leon Shabott ("Shabott") moves the Court pursuant to Rule 60(b) of the Fed. R. Civ. Proc. for a relief from the Court's 15 March 2006 order awarding costs ("Order Awarding Costs") pursuant to Rule 60(b)(1) for "excusable neglect;" Rule 60(b) (2) for "newly discovered evidence;" and Rule for 60(b)(3) "fraud, misrepresentation or other misconduct" by the Defendant and/or its attorney, David Aisenberg (Aisenberg). In consideration of the instant motion, Shabott refers the Court to his 11 January 2007 "Affidavit of Leon Shabott" ("Shabott Affidavit").

Shabott brought a facially meritorious case to the Court against the Defendant for breach of contract in regards to their destruction of the engines of his Beechcraft twin engine airplane and their refusal to finish the contracted repairs on it. . There is no dispute that Mercury injured Shabott by improperly repairing his aircraft and injured him further by neglecting and damaging his aircraft while it was in Mercury's care. Unfortunately, Mercury and Aisenberg deliberately

Case 1:04-cv-11575-JLT Document 82 Filed 01/22/2007 Page 2 of 4

Shabott v. Mercury Air Group, 04-11575-JLT (D. Mass. 1994): 22 January 2007 Motion for Relief from the Court's Order Awarding Costs to the Defendant 2

violated the Court's discovery orders and introduced apparently fabricated evidence into the proceedings in order to convince the Court that the instant action was commenced outside the dates allowed by the relevant statute of limitations.

Plaintiff Leon Shabott moves the Court pursuant to —

1. Rule 60(b) (1) for "excusable neglect," Shabott — a *Pro Se* litigant, — out of naivety did not formally oppose Aisenberg deposing for three days in violation of Rule 30 (d) (2) of the Fed. Rules of Civ. Proc. He was improperly compelled by Aisenberg to be deposed for three days over a two month period almost was coerced into another 4th day of deposition despite the said rule prohibiting any deposition to last more than a single day. A fourth day of deposition was also scheduled but cancelled by the Defendant the day of the deposition despite Shabott already having driven from Vermont to Boston. Absent this violation of Court rules, the costs incurred by Defendant for deposing Shabott would have been far less. See Shabott Affidavit ¶17

2. Rule 60(b) (2) "newly discovered evidence." The recently discovered credit card bill and other records recently discovered by Shabott unquestionably prove that Summary Judgment was improperly granted on incredulous and possibly fabricated evidence submitted by Aisenberg, Additionally, Shabott was denied the same financial records in the possession of the Defendant in violation of several discovery orders by the Court that would have allowed him to submit these financial records to the Court as evidence to prevail against the Defendant's summary judgment motion. These records would allow Shabott to show that the date of his payment of money to the Defendant and his Test Flight of his Airplane was on 16 July 1998, not 13 July 1998 as claimed by the Defendant. The financial and other records recently discovered by Shabott unquestionably refutes the allegations of fact testified to by the Defendant's paid witness Michael Wasson. In so doing it provides a material issue of fact on the issue of whether

Case 1:04-cv-11575-JLT    Document 82    Filed 01/22/2007    Page 3 of 4

Shabott v. Mercury Air Group, 04-11575-JLT (D. Mass. 1994): 22 January 2007 Motion for Relief from     3
the Court's Order Awarding Costs to the Defendant

Shabott paid the Mercury and test flew his Airplane on 16 July 1998 — a date well within the time allowed by the relevant statute of limitations — not 13 July 1998. See Shabott Affidavit ¶6.

3.  Rule 60(b)(3) "fraud, misrepresentation or other misconduct. " The Defendants' deliberately and improperly withheld evidence in its possession that the Court discovery orders required that it produce. See Shabott Affidavit ¶4. In addition, the Defendant introduced an affidavit and set of attached notes that was claimed under the threat of perjury to be true but it turns out to be apparently fabricated by the Defendant and/or its paid witness — Michael Wasson. In addition, the Defendant's violated the Court's several discovery orders and failed to turn over to Shabott the relevant financial and other records of the Defendant's concerning the repair work it did on his Airplane. See Shabott Affidavit ¶5. Had the Defendant's counsel produced Shabott's required financial documents, this alone would have eliminated any ability for Aisenberg to successfully obtain a Summary Judgment dismissal of Shabott's claims against the Defendants. The Plaintiff was coerced by Aisenberg into attending three days of depositions in violation of the Court's rules by his refusing to ask Shabott if he was willing to voluntarily agree to do so See Shabott Affidavit ¶17. Instead, Aisenberg deliberately exploited Shabott's naivety as a pro se litigant and to misrepresent to Shabott that he was required to attend several days of depositions regardless if Shabott wanted to or not.

The Court should also punish the Defendant, Mercury and their counsel, Aisenberg for their misconduct by vacating its past order awarding costs and not affording them any further opportunity to receive an award of Court costs from Shabott.

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

Case 1:04-cv-11575-JLT    Document 82    Filed 01/22/2007    Page 4 of 4

Shabott v. Mercury Air Group, 04-11575-JLT (D. Mass. 1994): 22 January 2007 Motion for Relief from    4
the Court's Order Awarding Costs to the Defendant

BY:

_____
Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871
802.309.8707

*Pro Se*

### CERTIFICATION OF LOCAL RULE 7.1 CONSULTATION

I certify that I consulted with the Defendant's attorney on the issues underlying this motion during a phone call with him on 19 January 2007.

_____
Leon Shabott, Plaintiff

### CERTIFICATION OF SERVICE

I certify that I have served on this date a copy of this motion on the Defendant's attorney and Third Party Defendant's attorney VIA U. S. First Class Mail on 22 January 2007.

_____
Leon Shabott, Plaintiff