UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEON SHABOTT,                )
                             )
    Plaintiff,               )
                             )
v.                           )
                             ) CIVIL ACTION No. 04-11575-JLT
MERCURY AIR GROUP, INC.,     ) Referred to Magistrate Judge RBC
                             )
    Defendant.               )

## AFFIDAVIT OF DAVID C. AISENBERG IN RESPONSE TO PLAINTIFF'S PETITION TO HOLD SHOW CAUSE HEARING

I, David C. Aisenberg, on oath, depose and state:

1. I am a lawyer at the firm of Looney, Cohen, Reagan & Aisenberg LLP and am counsel to Mercury Air Group, Inc. ("Mercury"), the defendant in this action. I submit this affidavit to address issues raised by the Plaintiff's Response to Defendants' Opposition of his Petition to Hold a Show Cause Hearing in Regards to Making a Contempt Finding ("Plaintiff's Response"). This affidavit is necessary to refute the baseless allegations of personal misconduct by me which were made by the plaintiff in the Plaintiff's Response. I do not otherwise plan to submit any further papers with respect to the request to hold a show cause hearing.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I was admitted to the bar of the Commonwealth of Massachusetts in 1985 and also to the District Court of

1

Massachusetts that same year. I have been a member in good standing at all times since then in both jurisdictions. I have never been sanctioned by either of those jurisdictions or by any other jurisdiction for that matter.

4. The accusations of misconduct by the plaintiff are totally baseless.

5. As part of the automatic disclosure in this litigation, I identified and produced copies of handwritten and typed notes which I received from Michael Wasson, former service coordinator at Mercury ("Wasson Notes").

6. I first saw the Wasson Notes on September 16, 2004. At that time, I saw the original handwritten notes. I left the original handwritten notes with Michael Wasson and I took copies with me. I have used the copies of the Wasson Notes throughout this litigation. I have never represented to the court or otherwise that I had never seen the original notes, because I have. The plaintiff simply has no basis to make such an assertion.

7. I have recently requested that Michael Wasson deliver the original handwritten notes to me.

8. I have no reason to believe that the Wasson Notes are not as represented, i.e., contemporaneously made from his dealings with Mr. Shabott in 1998 and 1999. Michael Wasson signed an affidavit in this litigation under the pains and penalties of perjury where he unequivocally stated

that he maintained contemporaneous records of his communications and that the notes attached to the affidavit were copies of those records. This is consistent with my communications with Michael Wasson in September 2004.

9. The Wasson Notes are fairly detailed. It is interesting that the plaintiff does not challenge the substance of the detail (presumably because he understands that it would be difficult for Michael Wasson to make up that substance six years after the described events), but rather he only maintains that Michael Wasson recently (in 2004) made up the dates ascribed to each of the events. One would think that, if the substance were contemporaneously written/typed, then so were the dates which appear in the same handwriting next to the substantive descriptions.

10. I have not withheld any discovery from the plaintiff. I have turned over to the plaintiff all of the discoverable documents in my possession and which I have seen. I am also not aware of any evidence in the possession, custody or control of Mercury which would either contradict the dates in Wasson's Notes or support the date proffered by the plaintiff.

11. I did not refuse to allow the plaintiff to depose any witnesses. No depositions, other than those taken, were ever noticed or discussed between the parties.

12. I did not violate any court orders. The case proceeded as dictated by Judge Tauro. In fact, there were a number of court conferences and, at each of those, the parties had the opportunity to be heard about discovery matters. I never prevented the plaintiff from presenting his intended discovery plan at those conferences or objected to any plan proposed by him. I simply acted in accordance with the court's direction.

13. The plaintiff did not repeatedly ask me to depose Michael Wasson. In fact, early on in this case, the plaintiff insisted that we communicate only in writing and that I send any communications to him by certified mail. There is no writing with either a request from the plaintiff to depose Michael Wasson or a denial by me of such a request.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, this 24th day of January 2007.

_____
David C. Aisenberg