UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON SHABOTT ) | |
| ) | |
| *Plaintiff* ) | Civil Action No. |
| ) | |
| v. ) | 04-11575-JLT |
| ) | |
| MERCURY AIR GROUP, INC. ) | |
| ) | 5 December 2006 |
| *Defendant* ) | |
| ) | |
| AVCO CORPORATION, ) | |
| LYCOMING DIVISION ) | |
| ) | |
| *Third Party Defendant* ) | |

PAINTIFF LEON SHABOTT'S RESPONSE TO DEFENDANT MERCURY AIR'S OPPOSITION TO HIS MOTION PERSUANT TO RULE 60(B) MOTION FOR RELIEF FROM COSTS

The Plaintiff Leon Shabott (Shabott) has and always had, a meritorious case against the Defendants Mercury Air Group Inc. (Mercury). The only reason Mercury was able to prevail in having Shabott's claims dismissed was by submitting false evidence and denying Shabott ordered Discovery.

By an "act of god" the recently discovered a 1998 credit card bill undisputedly supports Shabott's original claim that he paid his repair bill to the Defendant for its work on his Airplane, took it on a test flight on 16 July 1998. The fact that the test flight occurred on 16 July 1998 proves to the court that any event from that date forward within the time period of the statute of limitations for his claim as determined by the Court in its 14 February 2006 memo and order --- [any date on or after 14 July 1998]. Mercury mislead Shabott for years with the continual promises preceding the initial action. Mercury's counsel delayed the proceedings, first with a failed attempt at Summary Judgment on 9 December, 2004, a leave for a Third Party complaint Motion on 3 January, 2005 and a Second Motion for Summary Judgment on 31 October, 2005 Shabott argues that the "newly discovered" evidence could not have been discovered and retrieved by any action of his own. However, Mercury did not comply with the three Discovery

orders which would have <u>produced the same credit card transaction</u> disproving their claim that the date the Statute of limitations began accruing was indeed July 16th, 1998. <u>see</u> Discovery orders 11 March 2004, 14 February 2005 and 27 May 2005 and F.R.C.P 26 (B),

Based on the evidence supplied by the 1998 Credit Card Bill, the Court would be compelled, if it chooses to consider it, to reverse its granting of Summary Judgment to the Defendant and in doing so reverse its granting the Judgment for costs.

The court should allow Shabott to proceed to trial on his meritorious claims against the Defendant. There can be no dispute that the Defendant improperly repaired Shabott's airplane and this negligence resulted in an instant catastrophic destruction of the engine(s) within minutes of them being turned on during Shabott's test flight on 16 July 1998. Mercury cannot say it cared properly for Shabott's aircraft while it was in their care, nor can Mercury dispute they abandoned his airplane without notification when they left town after selling there Massachusetts location.

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

BY:

*[signature]*

Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871

*Pro Se*          (802) 309-8707

CERTIFICATION OF SERVICE

I certify that I have served on this date a copy of this motion on the Defendant's attorney and Third Party Defendant's attorney VIA U. S. First Class Mail on 6 December 2006.

Leon Shabott, Plaintiff