UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON SHABOTT )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>MERCURY AIR GROUP, INC. )<br>)<br>*Defendant* )<br>)<br>AVCO CORPORATION, )<br>LYCOMING DIVISION )<br>)<br>*Third Party Defendant* ) | Civil Action No.<br><br>04-11575-JLT<br><br>6 December 2006 |

FILED
IN CLERKS OFFICE
2007 FEB -5  P 4: 35
DISTRICT COURT
DISTRICT OF MASS.

### PLINTIFF"S RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION FOR THE COURT TO HOLD A SHOW CAUSE HEARING FOR CONTEMPT

Plaintiff Leon Shabott ("Shabott") states that the "Affidavit of attorney David C. Aisenberg in Response to Plaintiff's Petition to hold show cause hearing" contains blatant false statements that are out right untruths.

In Attorney David C. Aisenberg's (Aisenberg) Affidavit it states at ¶ 4 "The accusations of misconduct by the plaintiff are totally baseless" if this was so Shabott would have been able to Deposed Wasson and others, Shabott would have been given the credit card record of his transaction with Mercury disputing there paid witnesses testimony and there phone records *et als* that would have disputed their claims. see Shabott Affidavit 5 February 2007 ¶ ¶5, 6.

In Aisenberg's Affidavit it states at ¶ 6 "I first saw the Wasson notes on September 16. 2004 . At that time , I saw the original notes............" This is in controversy to what attorney Aisenberg told me on the phone on 4 December 2006 when Aisenberg told me he did not know

**Shabott v. Mercury Air Group, 05-11575-JLT: 5 February 2007 Plaintiffs Responce to Defendants Response………** 2

or maintain the "chain of custody" of the Wasson notes and had not seen the originals. . see Shabott Affidavit 5 February 2007 ¶ 4. and Affidavit of Robert Snyder ¶ 4

In Aisenberg's Affidavit it states at ¶ 8. I have no reason to believe the Wasson notes are not as represented'. Shabott argues that Aisenberg did not establish a chain of custody of these notes, Mercury paid Wasson for his testimony, bringing Wasson's credibility into account. Aisenberg claims to have seen the original notes and examined them but he did not maintain custody of the said notes, which the court should find unusual for a seasoned attorney especially when Shabott repetitively asked Aisenberg for the original notes and was very vocal about their authenticity. see Shabott Deposition Page 93 lines 15-24 and page 94 lines 1-5 (attached hereto) and Shabott Affidavit 5 February 2007 at ¶ 4.

In Aisenberg's Affidavit it states at ¶ 9 "It is interesting the Plaintiff does not challenge the substance of the detail". Shabott has no idea about the other records in Mercury's possession that Wasson and others still unknown could have used to fabricate the notes or modify one or more pages the notes. The originals, by Aisenbergs own admission where not in his possession during the litgation.

In Aisenberg's Affidavit it states at ¶ 10 "I have not withheld any discovery". This is a proven untruth. see Affidavit of Shabott 5 February 2007 at ¶ ¶ 5.6,

In Aisenberg's Affidavit it states at ¶ 11"I did not refuse to allow the Plaintiff to Depose any witness". This is not true. see Affidavit of Shabott 5 February 2007 at ¶ 5.

In Aisenberg's Affidavit it states at ¶ 12 "I did not violate any court orders" This is untrue, discovery was withheld, and Shabott was asked to report for deposition four times and evidence was submitted without the originals in Aisenbergs control. see Affidavit of Shabott 5 February 2007 at ¶ ¶ 5.6,7.

Shabott v. Mercury Air Group, 05-11575-JLT: 5 February 2007 Plaintiffs Responce to Defendants Response......... 3

In Aisenberg's Affidavit it states at ¶ 13 "The Plaintiff did not repeatedly ask me to depose Michael Wasson. If fact , earlier on in this case, the plaintiff insisted that we communicate only in writing........." This is a false, untrue statement of perjury. see Affidavit of Shabott 5 February 2007 at ¶ 8.

The Court should not allow possible perjury of a Court officer and member of the bar to determine the outcome of Shabott's meritorious claims against the Defendant, Mercury Air Group Inc. Based on the evidence supplied *supra* and the previose evidence filed in relation to this case Shabott deserves a chance to investigate the suspicious conflict of the critical dates in question and now to refute the allegations of Aisenberg. Shabott should be give a chance to argue the merits of a Reconsideration by the Court in this case and be allowed to conduct an evidentiary hearing, if necessary, in order to have his Motions for Reconsideration Under Fed. Rules of Civ. Proc. 60(b) granted .

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

BY:

Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871
802.723.5487

*Pro Se*

CERTIFICATION OF SERVICE

I certify that I have served on this date a copy of this motion on the Defendant's attorney and Third Party Defendant's attorney VIA U. S. First Class Mail on 6 December 2006.

Leon Shabott, Plaintiff

Page 1

Volume: I

Pages: 1-210

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11575-JLT

- - - - - - - - - - - - - - - - - - - - - - - -

LEON SHABOTT,                                    :

     Plaintiff,                                 :

  V.                                              :

MERCURY AIR GROUP, INC.,                         :

     Defendant/Third-Party Plaintiff,           :

  V.                                              :

AVCO CORPORATION, LYCOMING DIVISION,             :

     Third-Party Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - -

     Deposition of LEON SHABOTT, a witness called by counsel for the Defendant/Third-Party Plaintiff, taken pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before Rosemary F. Grogan, a Registered Professional Reporter, CSR No. 112993, and Notary Public in and for the Commonwealth of Massachusetts, at the Law offices of Looney, Cohen,

1  possibly be anything but an incident having to do with
2  the maintenance that just preceded it.
3      Q.   But he didn't come up with the mixing of the
4  old and new?
5      A.   No.
6      Q.   And he is not, to your knowledge, an expert
7  mechanic on Lycoming engines?
8      A.   Correct.
9      Q.   I believe you had stated in an earlier
10 deposition you considered him knowledgeable, but you
11 considered him knowledgeable about Twin Bonanza
12 airplanes more so than the workings of a Lycoming
13 product; is that fair to say?
14     A.   Yes.
15     Q.   You've looked at the entries submitted by
16 Mercury Air, these typed and handwritten entries?
17     A.   Yes, I was actually quite skeptical about
18 them.
19     Q.   Why is that?
20     A.   Because they don't look like original notes.
21 They look like they are all written at the same moment.
22     Q.   After the fact?
23     A.   They just look like they were all written
24 once.  They don't look like one entry one day, one entry

1  two months later, one entry two months after that, one
2  entry two months after that.  They look like someone sat
3  down there and wrote them by hand.  You can actually see
4  in the handwriting how it looks like someone's pen hand
5  is getting stressed as they go down the page.
6       Q.   All right.  There is an entry on September
7  11th, 1998, wherein it says, "Jim Matthews at Lycoming
8  called.  He had a conference call with Leon Shabott, Don
9  Freeman, Robert Ohnmeiss and Charlie Arnsteadt."  That's
10 the first sentence in the September 11th, '98, note from
11 Mercury.
12            Do you remember being part of a
13 conference call with Jim Matthews, Don Freeman, Robert
14 Ohnmeiss and Charlie Arnsteadt?
15      A.   No, I'm not even sure who Jim Matthews is or
16 this other person.  I actually never recall that ever
17 happening.
18      Q.   You had many conversations with Mr. Freeman
19 over the phone?
20      A.   Yes, but I don't remember a conference call
21 ever.
22      Q.   You don't remember any conference calls with
23 someone from Lycoming being on the other end?
24      A.   No.