UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON SHABOTT )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>MERCURY AIR GROUP, INC. )<br>)<br>*Defendant* )<br>)<br>AVCO CORPORATION, )<br>LYCOMING DIVISION )<br>)<br>*Third Party Defendant* ) | Civil Action No.<br>04-11575-JLT<br><br>5 February 2007 |

### AFFIDAVIT OF LEON SHABOTT

I Leon Shabott do hereby swear and depose, on oath, as follows –

1. I am a United States citizen and I am over the age of eighteen.

2. On or about 25 January 2007 I read the "Affidavit of David C. Aisenberg In Response To Plaintiff's Petition To Hold Show Cause Hearing". This Affidavit claims as fact, false statements that I know to be untrue. I have personal knowledge of the events, facts and past statements by David C. Aisenberg contained herein. I am prepared to testify in a Court of Law to the same.

3. Everything I have stated previously in all my filings with the court, Motions, Memorandums and Affidavits, *et als*, is true, including the accusations of misconduct by the Defendants (Mercury) attorney David C. Aisenberg.

4. On 4 December 2006 I consulted with attorney David C. Aisenberg on the telephone. I asked him about the location of the original "Wasson Notes". He told me he "did not have them in his possession". He said he "did not know the present location of the original notes". He told me he "had never actually seen or had possession of the original notes only photocopies". I repeated the statement to him "you have never seen the original notes"? He definitely told me he has never

    seen the original notes. There was no question that this was his statement to me that he had never seen the original notes of Mercury's paid witness Michael Wasson, that the Defendants submitted into evidence. This phone call took place in the offices of Mr. Robert Snyder, a person who is a close friend, mentor and business associate. Robert Snyder is familiar with this case and I often share with him the details of the ongoing litigation. Immediately after the call I went into Robert Snyder's office and told him the news of the discovery. I told him that "I just had a conversation with Mercury's attorney and he told me he had never seen the original notes" this was followed by a lengthily and detailed discussion as to the relevance of this information and how it could effect the case.

5.    I had many phone conversations with Attorney David C. Aisenberg about scheduling the deposition of Michael Wasson, John Wrega and others. This included inquiries as to how we would depose the out of state witnesses in New York, Alabama and California; The conversations were explicit. I asked about if we would be able to do them over the phone and or if in person where they could take place. He kept on postponing any attempts of mine at scheduling these depositions and repeatedly said" we need to do you deposition first".

6.    The Court ordered Discovery, Fed.Rules.Civ.Proc. Rule 26 on: 11 March 2004, 14 February 2005 and on 27 May 2005. Mercury's Attorney has never provided me, to this day:

> The names, addresses and phone numbers of persons with discoverable information
> Records of my credit card payment for the faulty work Mercury performed to my aircraft, or any financial records.
> The name of Mercury's bank where my payment were deposited and the bank deposit of the fatal transaction on July 16th 1998.
> The name of the distributor they purchased the wrong parts from and a copy of the dated invoice(s).
> The time billing slips they used to determine who worked on my airplane, for how long and on what dates.
> Phone records showing calls made to myself, or Lycoming tech support, who they claim gave them false advise contributing to the catastrophic engine falure(s)
> My written agreement with them, pertaining to the destroyed engine's evaluation and a <u>complete</u> copy of my written agreements for storage of my aircraft.

Documents about the insurance claim Mercury told me they filed, after the discovery that they had damaged my aircraft's engines.

The terms and details of Mercury's contract with their paid witness, Michael Wasson whose notes and Affidavit is in conflict with the reality of the credit card statements and other records.

The terms and details of their paid "consultation" contract with the ex manager of Mercury Air, John Wrega.

7. I was required by Mercury's attorney David C. Aisenberg to drive to Boston Massachusetts from Vermont 4 times to be deposed, one time was cancelled via my mobile telephone while I was enrout to Boston. I was deposed on three separate occasions from 2 June 2005 through 28 July 2005. At no time did Mercury's attorney David C. Aisenberg inform me that I was not required to be subjected to more than one day of deposition, his behavior lead me to believe I was required to be at his disposal, and that he was acting within the law while he postponed the depositions of Michael Wasson and my other witnesses.

8. I never asked Mercury's attorney to communicate only in writing. In fact, I kept asking him to call me and verbally notify me if he filed anything with the court, as I traveled frequently and am not always able to see my mail for long periods of time. I did ask him to use both certified and first class mail for his written communication with me instead of a commercial service after I found a court filing sent by Federal Express under the mat on my door; The envelope was found only by accident and I told him it was an inadequate method of delivery of such important and dated documents.

I never, ever asked Mercury's attorney David C. Aisenberg to communicate with me only in writing.

Signed under the pains and penalties of perjury this Fifth Day of February In the year Two Thousand and Seven

Leon Shabott, Plaintiff
4138 Center Pond Road
Newark, VT 05871
802.309-8707
*Pro Se*