UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 FEB 21  P 4:41

| | |
|---|---|
| LEON SHABOTT | )
| *Plaintiff* | ) Civil Action No. |
| v. | ) 04-11575-JLT |
| MERCURY AIR GROUP, INC. | ) 21 February 2007 |
| *Defendant* | ) |
| AVCO CORPORATION, LYCOMING DIVISION | ) |
| *Third Party Defendant* | ) |

DISTRICT COURT
DISTRICT OF MASS.

---

**PLAINTIFF'S MOTION PURSUANT TO RULE 56(F) FOR THE PRODUCTION OF DISCOVERY FROM THE DEFENDANTS**

---

Plaintiff Leon Shabott ("Shabott") moves the Court pursuant to Rule 56(f) to afford him the opportunity for discovery in order to provide him the ability to successfully oppose and prevail against the Defendant's second motion for summary judgment ("Summary Judgment Motion"). In support of his motion Shabott claims that the Defendants deliberately violated the requirements of Rule 26[1] and Court's several discovery orders in their refusal to supply Shabott the required documents and discoverable materials.[2] In addition the Defendant refused to provide

---

[1] Rule 26 reads — (1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

[2] In addition the Defendant's attorney has impermissively and unethically to deliberately exploit the naivety of Shabott as a *pro se* plaintiff to deny him discovery counting on Shabott's ineptitude with motion practice to keep him from forcing the Defendant to comply with discovery requests and orders.

Michael Wasson to be deposed by Shabott despite Shabott's numerous direct requests to depose Mercury Air's attorney that it do so. In support of this motion Shabott refers the Court to the concurrently filed 16 February 2007 "Affidavit of Leon Shabott."

Shabott asks the Court to order the Defendant to comply fully with the several past discovery orders[3] of the Court including fully complying with the requirements of Rule 26 including requiring the Defendant to supply the following documents to Shabott —

1. All financial records of Mercury Air directly associated with its dealings with Shabott and/or his Airplane.

2. The original copy of the notes referred to by Michael Wasson in his affidavit that was filed with the Court by the Defendant.

3. All written agreements of any kind between Shabott and Mercury Air

4. Insurance agreements that Mercury Air has with any insurer "which may be liable to satisfy all or part of a judgment" as would be applicable to the instant action.

5. Copies of any communication that the Defendant made with an insurance company concerning the instant action, Shabott, and/or his Airplane.

6. Records of any payments made to Michael Wasson by Mercury Air or another in exchange for supplying an affidavit on behalf of Mercury Air.

---

[3] The Court's 27 May 2005 discovery order reads as follows: "On or before, June 27, 2005 the parties shall have exchanged and reviewed (1) all documents in accordance with Local Rule 26.2(A), and (2) sworn statements in accordance with Local Rule 26.1(B), and (3) a list of persons they wish to depose. A list of the proposed deponents should be presented to the Court at the scheduling conference. In addition, the parties shall, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information and (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings."

7. Photographs taken by the Defendant and 3rd party Defendant of Shabott's disassembled Airplane engine taken during the deposition of Shabott's engine expert which they failed to turn over to Shabott as part of required discovery.

8. Names of all persons possibly possessing evidentiary information relevant to the proceedings.

Additionally, Shabott asks the Court to allow him to depose Michael Wasson so that he may be offered the opportunity to impeach the sworn statements made Wasson in his Affidavit of Michael Wasson and to challenge the authenticity of the notes ("Notes") that he attached to his affidavit. These Notes have been offered by the Defendant as its sole and conclusive evidence in their attempt to assert that the filing of the instant action was done outside of the time period allowed by the applicable statute of limitations — and which is the primary claim raised in its Summary Judgment Motion for the Court to dismiss Shabott's claims against it. Shabott maintains that these notes — at least in part — have been deliberately fabricated and he seeks the opportunity to depose Wasson to prove this claim to the Court.[4]

Unless the Court grants the instant motion, Shabott will simply be fatally impaired in his ability to either prove the existence of the necessary issues of material fact, dispute the factual allegations raised by the defendant or otherwise be given an adequate opportunity to oppose the Summary Judgment Motion. The Court cannot allow the Defendant to deliberately withhold from Shabott discoverable materials that were required to be turned over by the Defendant to Shabott as ordered by the Court.

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

---

[4] See Shabott's 12 December 2006 "Plaintiff's Petition for a Show Cause Hearing on Whether Michael Wasson should be Held in Contempt" Docket item #74.

BY:

Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871
802.723.5487

*Pro Se*

## CERTIFICATION OF SERVICE

I certify that I have served on this date a copy of this motion on the Defendant's attorney and Third Party Defendant's attorney VIA U. S. First Class Mail on 21 February 2007

Leon Shabott, Plaintiff