UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEON SHABOTT | ) | |
| | ) | |
| *Plaintiff* | ) | Civil Action No. |
| | ) | |
| v. | ) | 04-11575-JLT |
| | ) | |
| MERCURY AIR GROUP, INC. | ) | |
| | ) | 29 March 2007 |
| *Defendant* | ) | |
| | ) | |
| AVCO CORPORATION, | ) | |
| LYCOMING DIVISION | ) | |
| | ) | |
| *Third Party Defendant* | ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
16 FEBRUARY 2007 "AFFIDAVIT OF LEON SHABOTT"[1]

Plaintiff Leon Shabott ("Shabott") OPPOSES 27 February 2007 "Defendant Mercury Air Group, Inc.'s Motion to Strike the Affidavit of Leon Shabott Filed On or About 21 February 2007" ("Motion to Strike Shabott's Affidavit"). The Defendant Mercury Air offers no substantial argument to support its request that the Court strike the 16 February 2007 "Affidavit of Leon Shabott" ("Shabott's Affidavit"). Docket item # 92. The Shabott's Affidavit is filed with the Court in support of Plaintiff's 21 November 2006 Rule 60 motion[2] as well as his 21 February 2007 revised opposition[3] to the Defendant Mercury Air's second motion for summary judgment.

---

[1] The 16 February Affidavit of Leon Shabott was filed with the Court on 21 February 2007. Docket item # 92.

[2] 14 November 2006 "Plaintiff's Motion Pursuant to Rule 60(b) for Relief from the Court's Award of Summary Judgment" ("Plaintiff's Rule 60 Motion"). Docket item # 69.

[3] 21 February 2007 "Plaintiff's Revised Opposition to Defendant's Second Motion for Summary Judgment ("Revised Summary Judgment Opposition"). Docket item # 91.

Shabott v. Mercury Air Group, 05-11575-JLT: 29 March 2007 Plaintiff's Opposition to Defendant's Motion to Strike the 16 February 2007 Affidavit of Leon Shabott

2

There is no basis in law for the Court to strike Shabott's Affidavit and the Defendant's Motion to Strike Shabott's Affidavit provides none to the Court.

The Motion to Strike Shabott's Affidavit makes only a conclusory claim that in some unspecified manner Shabott's Affidavit attempts to assert facts that are in direct conflict with testimony he provided during a deposition conducted on him by Mercury Air that took place on three different dates. However, the Motion to Strike Shabott's Affidavit fails to offer a single asserted fact in Shabott's Affidavit that is in conflict with any fact asserted by him during the his said deposition. This complete failure on the Defendant's part is fatal to its request to the Court.

Shabott also maintains that no such conflict exists. The Defendant is merely trying with its Motion to Strike Shabott's Affidavit to eliminate unchallengeable material issues of fact from the record that would easily defeat the Defendant's second motion for summary judgment if the Court granted Shabott's Rule 60 Motion.

Shabott further maintains that the Defendant's deposition of him violated Rule 30(d)(2) of the Fed. R. of Civ. Proc. because it lasted more than one day without Shabott giving his assent to have it go beyond one day — which is explicitly required by the Court's rules. The Defendant's attorney deliberately took advantage of Shabott's naivety with Court rules to coerce him to accepting its demand that Shabott appear for additional days to be deposed. Rule 30(d)(2) requires the explicit agreement by either Shabott or an order of the Court to allow it to depose Shabott beyond one day. The Defendant's attorney obtained neither. Because of this deliberate malfeasance by the Defendant's attorney, the Court should strike any of Shabott's deposed testimony that it entered into the record.

Case 1:04-cv-11575-JLT   Document 100   Filed 03/29/2007   Page 3 of 3

Shabott v. Mercury Air Group, 05-11575-JLT: 29 March 2007 Plaintiff's Opposition to Defendant's Motion to Strike the 16 February 2007 Affidavit of Leon Shabott     3

For the above reasons, the Plaintiff asks the Court to DENY the Defendant's Motion to Strike Shabott's Affidavit.

BY:

_____
Leon Shabott, Plaintiff
4137 Center Pond Road
Newark, VT 05871

*Pro Se*

## CERTIFICATION OF SERVICE

I certify that I have served on this date a copy of this motion on the Defendant's attorney and Third Party Defendant's attorney VIA U. S. First Class Mail on 29 March 2007.

_____
Leon Shabott, Plaintiff