UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEON SHABOTT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 04-11575-JLT |
| | * | |
| MERCURY AIR GROUP, INC., | * | |
| | * | |
| Defendant and Third Party Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| AVCO CORPORATIOn, LYCOMING DIVISION, | * | |
| | * | |
| Third Party Defendant. | * | |

ORDER

July 30, 2007

TAURO, J.

Considering that the appeal record has been returned, and considering the Parties' post-Judgment motions,[1] the court hereby orders:

1)   Plaintiff's Motion for a Trial Without a Jury [#68] is DENIED AS MOOT.

2)   As the docket indicates, this court provided Plaintiff with ample opportunity to collect documentary evidence. Despite this opportunity, Plaintiff did not use his subpoena power to gather all relevant documents, even though his own deposition

---

[1] It is proper for this court to rule on the Rule 60(b) motions, despite the fact that the appeal is now complete. Standard Oil Co. v. United States, 429 U.S. 17, 19 (1976).

       indicated he knew some documents might be in his ex-wife's possession.[2]  That Plaintiff has now discovered evidence that his credit card was billed for the repair work on July 16, 1998, does not excuse his failure to gather this evidence in discovery.  In any event, this bill does not constitute sufficient evidence of Plaintiff's date of discovery of the alleged breach such that extraordinary relief is warranted under Fed. R. Civ. P. 60(b).  Additionally, Plaintiff has not made an adequate showing that Defendant's evidence was fraudulently presented in its summary judgment motion.[3]  Accordingly, Plaintiff's <u>Motion Pursuant to Rule 60(b) for Relief from the Court's Award of Summary Judgment</u> [#69] is DENIED.

3)      Plaintiff's <u>Petition for the Court to Hold a Show Cause Hearing to Determine Whether Michael Wasson Should Be Held in Contempt</u> [#74] is similarly DENIED.

4)      Likewise, Plaintiff's <u>Motion Pursuant to Rule 60(B) for Relief from the Court's Award of Court Costs to the Defendant</u> [#82] is DENIED.

5)      Plaintiff's <u>Motion Pursuant to Rule 56(f) for the Production of Discovery from the Defendants</u> [#93] is DENIED.

---

[2] <u>See</u> <u>Karak v. Bursaw Oil Corp.</u>, 288 F.3d 15, 19-20 (1st Cir. 2002) ("But a party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings.").

[3] <u>See</u> <u>Karak</u>, 288 F.3d at 21 (holding that the movant must produce "clear and convincing evidence" to "show that the misconduct foreclosed full and fair preparation or presentation of [his] case" and noting that a conflict in the evidence is insufficient).

6) Plaintiff's <u>Motion for Extension of Time to March 19, 2007 to File Opposition to Motion to Strike</u> [#97] and <u>Motion for Extension of Time to March 29, 2007 to File an Opposition</u> [#98] are ALLOWED.

7) Defendant's <u>Motion to Strike Plaintiff's Revised Opposition to Defendant's Second Motion for Summary Judgment</u> [#94] is DENIED AS MOOT. Defendant's <u>Motion to Strike Affidavit of Leon Shabott</u> [#96] is DENIED AS MOOT. This court resolved Defendant's Summary Judgment motion on January 25, 2006, and Plaintiff challenged this ruling through a Rule 60(b) motion. Having denied relief under Rule 60(b), the court need not and will not address or re-examine arguments made in opposition to Summary Judgment. These documents are not relevant to any issue presently before the court, and there is no need to strike them.

IT IS SO ORDERED.

      /s/ Joseph L. Tauro
United States District Judge